■ In the Matter of JAMAL N. and Others, Children Alleged to be Neglected. SHANIKQUA N., Appellant; SEAMAN's SOCIETY FOR CHILDREN AND FAMILIES, Respondent. [933 NYS2d 10]—

The finding of permanent neglect is supported by clear and convincing evidence that respondent failed substantially and continuously to maintain contact with or plan for the future of her children despite the diligent efforts by both agencies involved in this case to strengthen her bond with the children (*see* Social Services Law § 384-b [7] [a], [f]; *Matter of Sheila G.*, 61 NY2d 368 [1984]). The agencies provided referrals for appropriate services, made suitable arrangements for visitation, and referred respondent for additional services when it became clear that she was unable to manage the children, who have special needs. However, respondent missed more than half of her scheduled visits and appeared late for most of the remainder (*see Matter of Gin Ho S.*, 192 AD2d 466 [1993]).

A preponderance of the evidence establishes that it was in the best interests of the children to terminate respondent's parental rights to them (*see Matter of Khalil A. [Sabree A.]*, 84 AD3d 632 [2011]). The children have been residing in a stable and nurturing environment with their foster mother, who is willing and able to adopt them (*see Matter of Fernando Alexander B. [Simone Anita W.]*, 85 AD3d 658 [2011]). In view of the foregoing, a suspended judgment was not appropriate. Concur—Andrias, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.