■ In the Matter of JEOVONNI G., a Child Alleged to be Permanently Neglected. VICTORIA V., Appellant; CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU, Respondent, et al., Petitioner. [955 NYS2d 578]—

The court providently exercised its discretion in denying respondent's request for an adjournment, given that she had more than three months to communicate with her counsel and prepare for the fact-finding hearing (*Matter of Steven B.*, 6 NY3d 888, 889 [2006]).

The finding of permanent neglect is supported by clear and convincing evidence (*see* Social Services Law § 384-b [3] [g] [i]; [7] [a]). There is clear and convincing evidence that the agency exercised diligent efforts to reunite respondent and the child by preparing a service plan, scheduling visits between respondent and the child, referring respondent to parenting skills classes, and conducting meetings and case conferences with respondent (*see Matter of Jamal N. [Shanikqua N.]*, 89 AD3d 537, 538 [1st Dept 2011]). There is also clear and convincing evidence that, despite the agency's diligent efforts, respondent failed to visit the child on a regular and consistent basis, complete a parenting skills program, and permit the agency to obtain information concerning her medication (*id.*).

A preponderance of the evidence supports the finding that it is in the child's best interests to terminate respondent's parental rights so as to free the child for adoption (*Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The record shows that the child has resided with his foster parents since placement, and that they have been able to care for his special needs. Concur— Tom, J.P., Mazzarelli, Moskowitz, Abdus-Salaam and Feinman, JJ.