■ In the Matter of CLARENCE DAVION M. and Another, Infants. CLARENCE M., SR., Appellant; CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU, Respondent. [1 NYS3d 85]—

Order of fact-finding and disposition, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about September 25, 2013, which, to the extent appealed from as limited by the briefs, found, after hearings, that respondent father's consent to the children's adoption is not required, and transferred custody and guardianship of the subject children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The court properly determined that the father's consent is not required for the children's adoption because, among other things, he did not provide financial support for the children's care (*see* Domestic Relations Law § 111 [1] [d]). Indeed, the father failed to demonstrate that he provided any support for the children's care, in excess of a few small toys and minimal clothing, even though he was employed, at least intermittently, and had relatively few living expenses (*see Matter of Marc Jaleel G. [Marc E.G.]*, 74 AD3d 689, 690 [1st Dept 2010]; *see also Matter of Maxamillian*, 6 AD3d 349, 351 [1st Dept 2004]).

The determination that it would be in the children's best interests to be freed for adoption is supported by a preponderance of the evidence (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). There is no indication that the father is capable of caring for the children, especially given their special

needs. Further, the children have thrived in their long-term, preadoptive kinship foster home, where they have been well cared for and have developed strong bonds with their foster mother (*see Matter of Isiah Steven A. [Anne Elizabeth Pierre L.]*, 100 AD3d 559, 560 [1st Dept 2012], *lv denied* 20 NY3d 859 [2013]). The father failed to preserve his claim that a suspended judgment is warranted and, in any event, that disposition is not appropriate in this case (*see Matter of Julianna Victoria S. [Benny William W.]*, 89 AD3d 490, 491 [1st Dept 2011], *lv denied* 18 NY3d 805 [2012]).

We have considered the father's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Andrias, Moskowitz and Richter, JJ.