■ In the Matter of AMARNEE T.T. and Others, Children Alleged to be Permanently Neglected. TANYA T., Appellant; GRAHAM-WINDHAM SERVICES TO FAMILIES AND CHILDREN, Respondent. [33 NYS3d 239]—

Order of disposition, Family Court, Bronx County (Joan L. Piccirillo, J.), entered on or about February 20, 2015, which, upon a determination that the respondent mother permanently neglected the subject children, terminated her parental rights and transferred custody and guardianship of the subject children to the Commissioner of Social Services and Graham-Windham Services to Families and Children for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence shows that the agency made diligent efforts to strengthen the mother's relationship with the subject children by, among other things, scheduling regular visitation and referring her to therapy to address the conditions that led to the children's removal (*see* Social Services Law § 384-b [7] [f]; *Matter of Sheila G.*, 61 NY2d 368, 373 [1984]). After a failed trial discharge, the mother failed to attend a family team conference, failed to regularly attend her ongoing counseling sessions, failed to attend the beginning of a special needs parenting course, and refused to attend another parenting program. In the year preceding the petition to terminate the mother's parental rights, she missed several visits with the children and often failed to engage with them during the visits she did attend (*see e.g. Matter of Marissa Tif-*

*fany C-W. [Faith W.]*, 125 AD3d 512 [1st Dept 2015]; *Matter of Tiara J. [Anthony Lamont A.]*, 118 AD3d 545 [1st Dept 2014]; *Matter of Alani G. [Angelica G.]*, 116 AD3d 629 [1st Dept 2014], *lv denied* 24 NY3d 903 [2014]). Despite the agency's diligent efforts, the mother failed to plan for the future of the subject children.

A suspended judgment was not appropriate here, where "there was no evidence that [the mother] had a realistic and feasible plan to provide an adequate and stable home for the subject children," especially where two of them had special needs (*Matter of Charles Jahmel M. [Charles E.M.]*, 124 AD3d 496, 497 [1st Dept 2015], *lv denied* 25 NY3d 905 [2015]; *see also Matter of Jaelyn Hennesy F. [Jose F.]*, 113 AD3d 411 [1st Dept 2014]; *Matter of Jamal N. [Shanikqua N.]*, 89 AD3d 537 [1st Dept 2011]). Here, the mother's home was not in a suitable condition, she did not have space for the subject children, she had not contacted the children's service providers, had missed therapy sessions, and failed to engage with the children during visits.

A preponderance of the evidence shows that termination of the mother's parental rights was in the best interests of the children, given that the children have thrived in their foster care home, have been appropriately provided for by the foster parents for more than four years, and have developed strong bonds with the foster parents (*see Matter of Clarence Davion M. [Clarence M.]*, 124 AD3d 469 [1st Dept 2015]; *Matter of Isis M. [Deeanna C.]*, 114 AD3d 480 [1st Dept 2014]). Concur—Friedman, J.P., Renwick, Andrias, Gische and Webber, JJ.