■ In the Matter of TIFFANY N.L., an Infant. MARCELINO L., Appellant; NEW YORK FOUNDLING HOSPITAL, Respondent. [54 NYS3d 13]—

Order of fact-finding and disposition (one paper), Family Court, New York County (Clark V. Richardson, J.), entered on or about April 6, 2016, which, upon a finding of permanent neglect, terminated respondent father's parental rights to the subject child and transferred custody and guardianship of the child to petitioner agency and the Commissioner of New York City Children's Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supported the determination that the father permanently neglected the subject child by failing to visit consistently and by failing to plan for her future, despite the agency's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a], [c], [f]; *Matter of Star Leslie W.*, 63 NY2d 136, 140 [1984]; *Matter of Sheila G.*, 61 NY2d 368, 384-386 [1984]). The record shows that although the father was made aware of the need for him to, among other things, attend and complete a drug treatment program and obtain suitable housing, he refused to avail himself of these services and comply with his service plan. The father also failed to visit consistently with the child and behaved inappropriately during visits, frightening the child (*see Matter of Charles Michael J.*, 58 AD3d 401, 402 [1st Dept 2009]). Overnight, unsupervised visitation with the child was suspended after the child returned from such visits with injuries requiring medical treatment.

The record supports the determination that the child's best interests would be served by terminating the father's parental rights and freeing the child for adoption by her foster mother, with whom the child has lived since she was three days old, and who has met all of her special needs and wants to adopt her (*Matter of Star Leslie W.*, 63 NY2d at 147-148). There was no evidence that the father had any feasible plan to care for the child (*see Matter of Olushola W.A.*, 41 AD3d 179, 180 [1st Dept 2007]).

We have considered the father's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Feinman and Gesmer, JJ.