Matter of Nitthanean R. (Joy R.) (2018 NY Slip Op 06863)





Matter of Nitthanean R. (Joy R.)


2018 NY Slip Op 06863


Decided on October 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2018

Renwick, J.P., Tom, Gesmer, Singh, JJ.


7347 7346 7345

[*1]In re Nitthanean R., and Another, Children Under the Age of Eighteen Years, etc., The Administration for Children's Services, et al., Petitioner-Respondent, Joy R. (Deceased), Respondent.
In re Antwain D., Petitioner-Appellant,
and
Joy R. (Deceased), Respondent, The Administration for Children's Services, Respondent-Respondent.


Tennille M. Tatum-Evans, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Julie Steiner of counsel), for The Administration for Children's Services, respondent.
MaGovern & Sclafani, Mineola (Joanna M. Roberson of counsel), for Catholic Guardian Services, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the children.



Order, Family Court, New York County (Susan Knipps, J.), entered on or about January 7, 2016, which denied the father's motion to vacate destitute child findings concerning subject children Natalia N.R. and Nitthanean R., unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about July 6, 2016, which, after a hearing, dismissed the father's petitions for custody, unanimously dismissed, without costs, as moot.
The father did not show good cause to vacate the destitute child findings on ground he was not served with notice of the underlying proceedings. Administration for Children's Services (ACS) made the requisite reasonable efforts to locate him (see Family Ct Act § 1092[a][2][iii]), and the father identifies no further efforts ACS could have made. He was not listed on the children's birth certificates, an inquiry was made to the Putative Father Registry, which responded that no man was listed on the registry for these children, and Family Court did not rule on the destitute child petitions until that response was received. Moreover, the father did not request the paternity testing that established he was the children's father until well after ACS filed the petitions commencing the proceedings. Under the circumstances, it cannot be said that [*2]his identity or whereabouts were known to ACS, for purposes of the petitions originating the destitute child proceedings (see Family Ct Act § 1093[c][iv], [vi]).
Nor does ACS's service of paternity petitions and summonses establish such knowledge. The father concedes receipt of these documents by relying on them now, yet he did not answer them, appear on the return dates, or otherwise communicate with ACS in response, and all were dismissed without prejudice. His silence in the face of ACS's repeated efforts only supports ACS's conclusion that his whereabouts were, at the relevant time, unknown. The mother may have identified him as the alleged father in an oral conversation with ACS, but this too falls short (cf. Social Services Law § 384-c[2][f]).
The appeal from the order dismissing the father's custody petitions has been rendered moot by the adoption of the children by their respective foster parents (see Matter of Alexis C. [Jacqueline A.], 99 AD3d 542 [1st Dept 2012], lv denied 20 NY3d 856 [2013]). Were we to review the order, we would find that a preponderance of the evidence supports the court's findings that it was in the children's best interests to dismiss the father's custody petitions (see Eschbach v Eschbach, 56 NY2d 167 [1982]); Matter of Clarence Davion M. [Clarence M.], 124 AD3d 469 [1st Dept 2015]). He had virtually no relationship with the children, made no effort to build such relationship even after learning their mother had died, whereas the children's foster parents, their maternal aunt and maternal uncle, had consistently cared for them for years.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 16, 2018
CLERK