Matter of Damani Cory B. (Kevin Cory B.--Tina Erykah J.) (2019 NY Slip Op 00350)





Matter of Damani Cory B. (Kevin Cory B.--Tina Erykah J.)


2019 NY Slip Op 00350


Decided on January 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2019

Renwick, J.P., Manzanet-Daniels, Gische, Mazzarelli, Kahn, JJ.


8120A 8120

[*1] In re Damani Cory B., and Another, Dependent Children Under Eighteen Years of Age, etc., Kevin Cory B., Respondent-Appellant, Catholic Guardian Services, Petitioner-Respondent, Tina Erykah J., Respondent.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Magovern & Sclafani, Mineola (Joanna M. Roberson of counsel), for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the children.



Orders, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about June 8, 2017, which, inter alia, determined that respondent father's consent for the adoption of the subject children was not required, terminated his parental rights, and transferred custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The court properly concluded that the father was a notice father only because he failed to show that he provided the children with consistent financial support according to his means (see Matter of Sjuqwan Anthony Zion Perry M. [Charnise Antonia M.], 111 AD3d 473 [1st Dept 2013], lv denied 22 NY3d 864 [2014]). He provided no support for one child and only provided support for the other child during the first six months after the child was born, which is inadequate to satisfy the statutory support requirements (see Matter of Latricia M., 56 AD3d 275 [1st Dept 2008], lv denied 12 NY3d 705 [2009]; Domestic Relations Law § 111[d]). The father stated that he was on public assistance and provided the children with food and toys at visits, while agreeing that consistent financial support should take priority over occasional gifts and snacks (see e.g. Matter of Clarence Davion M. [Clarence M.], 124 AD3d 469 [1st Dept 2015]). He also did not provide an adequate explanation as to why he was unable to obtain employment over the two-year time period at issue. Furthermore, the father acknowledged that he failed to visit for several months after a trial discharge was aborted due to his inconsistent visitation (see Matter of Maxamillian, 6 AD3d 349, 351 [1st Dept 2004]).
The court properly concluded that it was in the best interests of the children to free them for adoption by the foster family, who provided them with a stable and loving home (see e.g. Matter of Chandel B., 58 AD3d 547 [1st Dept 2009]). The father's testimony indicated that he did not have a realistic plan for the children's future, and the foster mother's alleged intent to move the children to Pennsylvania does not warrant a different determination (id. at 548).
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 17, 2019
CLERK