Matter of C.C. (L.C.) (2026 NY Slip Op 00418)

Matter of C.C. (L.C.)

2026 NY Slip Op 00418

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Scarpulla, J.P., Kapnick, González, Shulman, O'Neill Levy, JJ. 

Docket No. B1740/23|Appeal No. 5696|Case No. 2024-04187|

[*1]In the Matter of C.C., Also Known as C. B. A Child Under Eighteen Years of Age, etc., L.C., Respondent-Appellant, New Alternatives for Children, Inc., Petitioner-Respondent.

Daniel X. Robinson, New York, for appellant.
Dawn M. Shammas, New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (Ronna H. Gordon-Galchus, J.), entered on or about June 21, 2024, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about June 14, 2024, which, after a hearing, determined that respondent mother permanently neglected the subject child, unanimously affirmed as to the fact finding, and dismissed as academic to the extent it terminated the mother's parental rights, without costs.
The mother's appeal from the portion of the dispositional order that terminated her parental rights to permit the child's adoption is academic, as the child turned 18 years old during the pendency of this appeal (see Matter of Ravine Sean H. [Delois C.], 181 AD3d 510 [1st Dept 2020]; Matter of Geovany S. [Martin R.], 143 AD3d 578 [1st Dept 2016]). However, insofar as the order of disposition brings up for review the court's finding of permanent neglect, the appeal is not academic, as "the finding of permanent neglect constitutes a permanent and significant stigma that may impact respondent's status in future proceedings" (Matter of Nekia C. [Kevin E.C.—Laurel S.McC.], 155 AD3d 431, 432 [1st Dept 2017]).
Turning to the merits, clear and convincing evidence supports Family Court's determination that petitioner agency made diligent efforts to support reunification, as the agency developed an appropriate service plan tailored to address the mother's needs and parenting challenges (see Social Services Law § 384-b[7][a], [f]; Matter of Sheila G., 61 NY2d 368, 384-385 [1984]; Matter of Janaya T. [Sarah T], 165 AD3d 566, 566 [1st Dept 2018]). The record shows that agency case planners repeatedly referred the mother to services, reminded her of the importance of adhering to the service plan, explained the purpose of the services, and tried to schedule regular meetings and home visits, but these efforts to assist the mother failed because the mother refused to cooperate (see Matter of N.S. [M.H.], 228 AD3d 471, 472 [1st Dept 2024]; Matter of Kadiza D. [Saaniel T.], 138 AD3d 421 [1st Dept 2016], lv denied 27 NY3d 912 [2016]).
The dispositional order also specified that agency visits would be scheduled when the child "wishes to have visits." However, the agency's process notes indicated that during a telephone visit, the mother raised her voice to the child and stated that she was "going to get [the child] back whether she likes it or not." As a result, the child terminated the call. Afterwards, the agency continued to ask the child whether she would be open to resuming visits with the mother and sought the mother's consent to confer with the child's therapist, but the mother declined to consent and the child refused all further contact (see Matter of Tiffany N. L. [Marcelino L.], 150 AD3d 499, 499 [1st Dept 2017]).
Clear and convincing evidence also supports Family Court's determination that the mother permanently neglected the child by failing to plan for her future for a period of more than one year (see Social Services Law § 384-b[7][a], [c]). The mother repeatedly told case planners that she did not need any services, even after they explained that the services were part of the reunification plan and intended to help her support the child (Matter of Hazelselena S. M. [Alyssa G.], 233 AD3d 412, 412-413 [1st Dept 2024]). The mother was also regularly unreachable or unresponsive, despite the agency's attempts to maintain contact via phone calls and letters, and she refused all referrals (Matter of Chon-Michael S. [Shanice A.], 172 AD3d 494, 495 [1st Dept 2019]; Matter of Kristian-Isaiah William M. [Jessenica Terri-Monica B.], 109 AD3d 759, 760 [1st Dept 2013]). The mother also failed to gain insight into or take responsibility for her own behavior, and she argued with case planners and minimized the issues that led to the child's removal (see Matter of Yasmine F. [Junior F.], 145 AD3d 455, 455 [1st Dept 2016], lv denied 29 NY3d 973 [2017]; see also Matter of C.C. [Linda C.], 233 AD3d 473, 473 [1st Dept 2024]). Moreover, because the mother did not testify, the court "was entitled to draw the strongest negative inference against her as the opposing evidence would allow" (Matter of B.C. [Bernadette C.], 215 AD3d 584, 585 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026