Matter of A.K.C. (Ebony B.) (2026 NY Slip Op 01297)

Matter of A.K.C. (Ebony B.)

2026 NY Slip Op 01297

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Webber, J.P., Scarpulla, González, Rodriguez, Higgitt, JJ. 

Docket No. B-01632-34/22|Appeal No. 6044-6044A|Case No. 2025-01027, 2025-01028, 2025-01029|

[*1]In the Matter of A.K.C. And Others, Dependent Children Under the Age of Eighteen Years, etc., Ebony B., Respondent-Appellant, Good Shepherd Services, Petitioner-Respondent.

Steven N. Feinman, White Plains, for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child A.K.C.
Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children O.F.C. and O.O.C.

Orders of fact-finding and disposition (one for each child), Family Court, New York County (Pamela B. Scheininger, J.), entered on or about February 13, 2025, which, to the extent appealed from as limited by the briefs, after a hearing, determined that respondent mother permanently neglected the subject children, unanimously affirmed, without costs.
The determination that the mother permanently neglected the children is supported by clear and convincing evidence (Social Services Law § 384-b[7][a]; see Matter of K.Y.Z. [W.Z.], — NY3d &mdash, 2025 NY Slip Op 05781, *2 [2025]). The agency engaged in diligent efforts to encourage and strengthen the mother's relationship with the children by developing an individualized plan tailored to fit her situation and needs, including referring her to parenting programs and parenting programs for special needs children, as well as monitoring her progress in mental health services and substance abuse services. The agency also repeatedly attempted to facilitate and expand the mother's visitation with the children, and to progress from supervised to unsupervised visits, including overnight visits. The agency ultimately approved two trial discharges, neither of which came to fruition solely because the children kept getting seriously injured while in the mother's care (see Matter of Tiffany N.L [Marcelino L.], 150 AD3d 499, 499 [1st Dept 2017]; Matter of Jaileen X.M. [Annette M.], 111 AD3d 502, 502 [1st Dept 2013], lv denied 22 NY3d 859 [2014]; Matter of Wilfredo A.M., 56 AD3d 338, 338 [1st Dept 2008]).
Despite the agency's diligent efforts to encourage and strengthen the parental relationship, the mother failed to plan for the children's future (see Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]). While the mother attended the services required by her service plan, over a period of five years she still had not progressed to the point where she could safely care for the children, who routinely were injured in her care, requiring medical treatment (see Matter of Angelina Jessie Pierre L. [Anne Elizabeth Pierre L.], 114 AD3d 471, 471 [1st Dept 2014], lv denied 23 NY3d 901 [2014]).
Moreover, the case planner attempted to help the mother safely care for the children during supervised visits, warning her that the children would get hurt if the mother did not stop them from climbing on and jumping off furniture, but the mother did not respond. The evidence indicated that the mother was not attentive to the children during visits, nor was the mother consistent with her attendance. The agency also invited the mother to attend the children's special education meetings, which she consistently did not attend (see Matter of Amarnee T.T. [Tanya T.], 140 AD3d 452, 452 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026