■ In the Matter of PEDRO C., a Child Alleged to be Permanently Neglected. JOSEPHINE PATRICIA B. et al., Appellants; PIUS XII YOUTH AND FAMILY SERVICES, Respondent. [867 NYS2d 53]—

Order of disposition, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about September 13, 2006, which, upon a finding of permanent neglect, terminated respondents' parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence (Social Services Law § 384-b [7] [a]). The

record demonstrates that the agency made diligent efforts to encourage and strengthen the parental relationship between respondents and the child, including providing respondent mother with referrals for psychiatric evaluations and parenting skills training, conducting random drug and alcohol screenings and scheduling regular visitation (*see Matter of Lady Justice I.*, 50 AD3d 425 [2008]; Social Services Law § 384-b [7] [f]). Despite these diligent efforts, the mother continued to deny her alcohol problem and need for psychiatric medicine, and otherwise failed to meaningfully address the problems that led to the child's placement (*see Matter of Elizabeth Amanda T.* , 52 AD3d 376 [2008]; *Matter of Kimberly C.*, 37 AD3d 192 [2007], *lv denied* 8 NY3d 813 [2007]). Regarding respondent father, upon his filing of a paternity petition, the agency sent him a visitation schedule that accommodated his work schedule (*see Matter of Ailayah Shawneque L.*, 40 AD3d 1097 [2007], *lv denied* 9 NY3d 806 [2007]). However, the father visited the child sporadically, and, with the exception of one occasion, did so in the company of the mother, who dominated these visits. The father's failure to comply with the visitation schedule evinced a lack of interest in and dedication to achieving a productive relationship with his son (*see Matter of Shah Ronnie J.*, 298 AD2d 129 [2002]).

A preponderance of the evidence demonstrated that termination of respondents' parental rights was in the child's best interests. The child was in a nurturing environment, where he attended school and therapy, and his special needs were tended to by his foster mother, who was also his maternal aunt (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The circumstances presented do not warrant a suspended judgment (*see Matter of Maryline A.*, 22 AD3d 227 [2005]).

We have considered respondents' remaining contentions and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Williams, Buckley and Renwick, JJ.