■ In the Matter of PAIGE K. and Another, Infants. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAY J.B., Appellant. [916 NYS2d 542]—

Appeal from an order of the Family Court, Oswego County (Kimberly M. Seager, J.), entered February 1, 2010 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected and abused the subject children.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, Family Court granted petitioner's motion for summary judgment on the petition, which sought a determination that respondent abused his girlfriend's son and derivatively neglected the son's older sister. We note at the outset that respondent's contentions concern only the alleged derivative neglect of the sister, and that he does not challenge the finding of abuse in connection with his girlfriend's son. In addition, we note that respondent's contentions in opposition to the motion for summary judgment are raised for the first time on appeal and are therefore not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). In any event, contrary to respondent's contention, petitioner established as a matter of law that respondent was a person legally responsible for the sister (*see* Family Ct Act § 1012 [g]; *see generally Matter of Yolanda D.*, 88 NY2d 790, 796 [1996]) and that, when he abused

his girlfriend's son by murdering him, he thereby derivatively neglected the sister (*see Matter of Justice T.*, 305 AD2d 1076 [2003], *lv denied* 100 NY2d 512 [2003]; *see generally Matter of Jovon J.*, 51 AD3d 1395 [2008]; *Matter of Seth G.*, 50 AD3d 1530 [2008]). Contrary to the contention of respondent, he failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Centra, J.P., Fahey, Peradotto, Sconiers and Gorski, JJ.