■ In the Matter of SUSAN A., Respondent, v IBRAHIM A., Appellant. [945 NYS2d 688]—

Order, Family Court, Bronx County (Sarah P. Cooper, Special Ref.), entered on or about June 17, 2011, which, after a trial, granted petitioner mother's petition to modify a prior custody order, entered on or about August 20, 2009, and awarded her sole legal and physical custody of the parties' two children, with liberal visitation to respondent father, unanimously affirmed, without costs.

The Family Court properly modified the prior custody order, since a "change of circumstances" (*see Matter of Santiago v Halbal*, 88 AD3d 616, 617 [2011]) occurred when respondent was arrested and incarcerated, and was unavailable to care for the children. The totality of the circumstances supported the

conclusion that returning the children to respondent's custody, 21 months later, when they had bonded with the mother and thrived in her care, was not in their best interests (*see Matter of Gant v Higgins*, 203 AD2d 23, 24-25 [1994]).

We find no merit to respondent's argument that the court failed to adequately consider the children's preference to reside with him, since a child's preference for a particular parent, while a factor to be considered, is not determinative and the court was not bound to abide by their wishes (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]). This is particularly true since there is overwhelming evidence that the children's feelings were fostered by respondent's hostility towards petitioner (*see Matter of Muller v Muller*, 221 AD2d 635, 637 [1995]).

Respondent's claim that an updated forensic evaluation should have been ordered is unpreserved for appellate review (*see Matter of Hezekiah L. v Pamela A.L.*, 92 AD3d 506 [2012]). In any event, since the "decision whether to obtain forensic evaluations to assist in reaching a custody determination (Family Ct Act § 251) rests within the sound discretion of the trial court" (*Matter James Joseph M. v Rosana R.*, 32 AD3d 725, 727 [2006], *lv denied* 7 NY3d 717 [2006]), and the court's initial custody determination was only rendered one month prior to the father's arrest, the court was not required to order a new evaluation. The court possessed sufficient information to make a comprehensive and independent review of the children's best interests (*see Matter of B.G. v A.M.O.*, 57 AD3d 246, 247 [2008], *lv denied* 12 NY3d 705 [2009]). Concur—Gonzalez, P.J., Friedman, Renwick, Manzanet-Daniels and Román, JJ.