# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**840**

**CA 12-01794**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

VAN SHARMA, INC., PLAINTIFF-APPELLANT,

V                                             MEMORANDUM AND ORDER

GEORGE A. CHAMBERLAIN, DEFENDANT-RESPONDENT.

---

FRANK A. ALOI, ROCHESTER, FOR PLAINTIFF-APPELLANT.

BECKERMAN AND BECKERMAN, LLP, ROCHESTER (GERALD BECKERMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered March 7, 2012. The order, among other things, precluded plaintiff from offering evidence in opposition to defendant's counterclaims.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking the imposition of a constructive trust in rental premises owned by defendant and leased and maintained by plaintiff, as well as an accounting of funds received by defendant and the return of certain funds to plaintiff. Defendant asserted counterclaims alleging, inter alia, that plaintiff withheld monies from him relating to the rental premises, and served a notice to produce on plaintiff. Plaintiff did not serve a responsive pleading with respect to the counterclaims nor did plaintiff respond to the notice to produce, and defendant moved to compel disclosure. Supreme Court granted defendant's motion to compel and issued a conditional order of preclusion with respect to the complaint and the counterclaims. Defendant did not receive a response to the notice to produce, and subsequently moved for dismissal of the complaint and judgment in the amount sought on his counterclaims based on plaintiff's default or, alternatively, for summary judgment on his counterclaims. Plaintiff in turn moved to vacate the default on the ground that it had provided the responses in compliance with the preclusion order and they had been lost in the mail. The court granted judgment on the counterclaims based on plaintiff's "default in pleading," and following a hearing the court also granted defendant's motion insofar as it sought dismissal of the complaint based on plaintiff's failure to provide a timely and sufficient response to the notice to produce. We affirm.

Plaintiff's contention that the court erred in failing to hold an

inquest to determine the amount of damages sought in the counterclaims is not preserved for our review and, in any event lacks merit.  An inquest was not required inasmuch as defendant sought a sum certain, and plaintiff was precluded from introducing any evidence in opposition to defendant's computation (*see* CPLR 3215 [a]; *see also Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730).  Plaintiff likewise failed to preserve for our review its contentions regarding the scope of the preclusion order inasmuch as plaintiff did not oppose defendant's motion to compel (*see Howard Rosengarten, P.C. v Hott*, 49 AD3d 328, 328-329; *see also Congleton v United Health Servs. Hosps.*, 67 AD3d 1148, 1150).  Even assuming, arguendo, that plaintiff timely responded to the notice to produce, we conclude that the court neither abused nor improvidently exercised its discretion in determining that plaintiff's responses were insufficient (*see Radder v CSX Transp., Inc.*, 68 AD3d 1743, 1745).

Contrary to plaintiff's further contention, the court properly determined that the proffered defense of law office failure was without merit.  Plaintiff's contention that its response to the notice to produce was lost in the mail was not corroborated and therefore did not constitute " 'a reasonable excuse for the default' " (*Hann v Morrison*, 247 AD2d 706, 707; *cf. Papandrea v Acevedo*, 54 AD3d 915, 916; *Cole v Delcamp*, 288 AD2d 850, 851).  We have reviewed plaintiff's remaining contentions and conclude that they are without merit.

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court