■ In the Matter of NYASIA E.R. FORESTDALE, INC., et al., Respondents; MICHAEL R., Appellant. JANE S., Intervenor-Appellant. (Proceeding No. 1.) In the Matter of SHANIYAH K.R. FORESTDALE, INC., et al., Respondents; MICHAEL R., Appellant. JANE S., Intervenor-Appellant. (Proceeding No. 2.) In the Matter of MICHAEL A.D.R. FORESTDALE, INC., et al., Respondents; MICHAEL R., Appellant. JANE S., Intervenor-Appellant. (Proceeding No. 3.) [993 NYS2d 751]—

In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, and the intervenor paternal aunt separately appeals, from so much of three orders of fact-finding and disposition of the Family Court, Queens County (Richroath, J.), all dated August 26, 2013, as, upon the father's consent to a fact-finding determination that he permanently ne-

glected the subject children, and upon a decision of the same court dated July 31, 2013, made after a dispositional hearing, terminated the father's parental rights, denied the petition of the intervenor paternal aunt for custody of the children, and transferred custody and guardianship of the children to Forestdale, Inc., and the New York City Administration for Children's Services for the purpose of adoption.

Ordered that the appeals by the father from so much of the orders of fact-finding and disposition as denied the petition of the intervenor paternal aunt for custody of the children are dismissed, as the father is not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the appeals by the intervenor paternal aunt from so much of the orders of fact-finding and disposition as terminated the father's paternal rights are dismissed, as the intervenor paternal aunt is not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements.

The father did not move to vacate his admission to having permanently neglected the subject children. Therefore, the father's contentions, which are raised for the first time on appeal, that his consent to the entry of the finding of permanent neglect was not knowingly, voluntarily, and intelligently given and, as a consequence, the permanent neglect fact-finding is legally insufficient, are not properly before this Court (*see Matter of Xavier O.V. [Sabino V.]*, 117 AD3d 1567 [2014]; *Matter of Megan L.G.H. [Theresa G.H.]*, 102 AD3d 869 [2013]). In any event, there is no evidence that the father's admission to permanently neglecting the children was not knowingly, voluntarily, and intelligently given (*see Matter of Bayley W. [Jaden W.]*, 100 AD3d 1203 [2012]). Further, the father's admission satisfied the burden of proof necessary for the Family Court's finding of permanent neglect (*see Matter of Adam L. [Marie L.-K.]*, 97 AD3d 581, 582 [2012]).

The Family Court properly determined that the best interests of the children would be served by terminating the father's parental rights and freeing the children for adoption by their respective therapeutic foster parents (*see id.*; *Matter of Angelica W. [Dorothy W.]*, 80 AD3d 772 [2011]). The entry of a suspended judgment was not warranted despite the father's compliance with his service plan, because, among other things, he lacked an understanding as to the children's special needs, and because the children have bonded with their respective foster parents, who have competently and consistently provided for their spe-

cialized needs and who wish to adopt them (*see Matter of Isis M. [Deeanna C.]*, 114 AD3d 480, 481 [2014]; *Matter of Mahaadai D.H. [Rhonda L.H.]*, 110 AD3d 878 [2013]; *Matter of Angelica W. [Dorothy W.]*, 80 AD3d at 773; *Matter of Pedro C.*, 55 AD3d 475, 476 [2008]). The father's contention that the children should have been placed in the custody of one of his sisters is without merit. There is no presumption that the children's best interests will be better served by return to a family member, and it would not be in the children's best interests to do so here (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Michael W.*, 191 AD2d 287 [1993]).

Contrary to the contentions of the intervenor paternal aunt, the Family Court providently denied her petition for custody of the children because custody with her would not have been in the best interests of the children.

The intervenor paternal aunt failed to preserve for appellate review her contention that the Family Court should have ordered an updated forensic evaluation (*see Matter of Susan A. v Ibrahim A.*, 96 AD3d 439 [2012]). Balkin, J.P., Leventhal, Maltese and LaSalle, JJ., concur.