■ In the Matter of REBECCA B., Respondent, v MICHAEL B. et al., Respondents, and ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. (Proceeding No. 1.) In the Matter of CHARLES F. et al., Respondents, v ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. (Proceeding No. 2.) In the Matter of HAILEY B. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; REBECCA B., Respondent. (Proceeding No. 3.) In the Matter of KAILYN B. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; REBECCA B., Respondent. (Proceeding No. 4.) In the Matter of BELICIA W. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; CHARLES F. et al., Respondents. (Proceeding No. 5.) In the Matter of DANIELLE W. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; CHARLES F. et al., Respondents. (Proceeding No. 6.) [58 NYS3d 588]—

Appeals by the Orange County Department of Social Services from (1) four orders of the Family Court, Orange County (Victoria B. Campbell, J.), each dated October 3, 2016, and (2) an order of that court dated October 4, 2016. The orders dated October 3, 2016, after a hearing, granted the separate petitions of the maternal grandparents and maternal aunt to be appointed as permanent guardians of the subject children. The order dated October 4, 2016, after a permanency hearing, changed the permanency goal for the subject children from adoption to placement with a fit and willing relative.

Ordered that the orders are reversed, on the law and the facts, without costs or disbursements, the respective petitions of the maternal grandparents and maternal aunt seeking appointment as permanent guardians of the subject children are denied, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.

In March 2016, the Family Court transferred guardianship and custody of the subject children to the Orange County Department of Social Services (hereinafter DSS) for the purpose of adoption after their mother's parental rights were terminated. Thereafter, the maternal grandparents, Charles F. and Dorothy F., and maternal aunt, Rebecca B., filed separate petitions seeking appointment as permanent guardians of the children. The Family Court held a consolidated permanency hearing and fact-finding hearing on the guardianship petitions. After the hearing, the Family Court changed the permanency goal for the subject children from adoption to placement with a fit and willing relative and granted the respective guardianship petitions. DSS appeals.

Contrary to the contentions of the attorney for the children, the Family Court had jurisdiction to entertain the guardianship petitions (*see* Family Ct Act § 661 [b]).

"When considering guardianship appointments, the child's best interests are paramount" (*Matter of Christopher P. v Jason Sidney G.*, 126 AD3d 980, 980 [2015]). Once parental rights have been terminated, there is no presumption favoring the child's biological family over the proposed adoptive parents selected by an authorized agency (*see Matter of Peter L.*, 59 NY2d 513, 520 [1983]; *Matter of Nyasia E.R. [Michael R.]*, 121 AD3d 792, 794 [2014]; *Matter of Ender M. Z.-P. [Olga Z.]*, 109 AD3d 834, 836 [2013]).

Here, the Family Court's determination that it was in the children's best interests to grant the respective petitions for guardianship, rather than keeping the children with their foster parents for the purpose of adoption, lacks the requisite sound and substantial basis in the record (*see Matter of Ender M. Z.-P. [Olga Z.]*, 109 AD3d at 836). The children Hailey and Kailyn have resided in the same foster home since June 2015, and the children Danielle and Belicia have resided in the same foster home since November 2015, where they have bonded with their foster parents and are happy, healthy, and well provided for (*see Matter of Patricia I.H. v ACS-Kings*, 140 AD3d 1165, 1166 [2016]; *Matter of Amari S.G.E. [Kiona E.]*, 132 AD3d 989, 990 [2015]; *Matter of Takylia B.*, 24 AD3d 759, 759 [2005]). There is no presumption that the children's best interests will

be better served by returning them to a family member, and it would not be in the children's best interests to do so here (*see Matter of Nyasia E.R. [Michael R.]*, 121 AD3d at 794). Accordingly, we remit the matter to the Family Court, Orange County, for further proceedings to effectuate the appropriate permanency goal of adoption consistent herewith (*see Matter of Nazier B. [Anita B.]*, 96 AD3d 1049, 1051 [2012]). Hall, J.P., Roman, Cohen and Barros, JJ., concur.