Matter of Amber L.M. (Cheryl M.) (2018 NY Slip Op 08484)





Matter of Amber L.M. (Cheryl M.)


2018 NY Slip Op 08484


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-07516
 (Docket Nos. B-1109-17, B-1118-17, B-1145-17, B-1147-17)

[*1]In the Matter of Amber L.M. (Anonymous). Suffolk County Department of Social Services, respondent; Cheryl M. (Anonymous), et al., appellants. (Proceeding No. 1)
In the Matter of Devon M.N. (Anonymous). Suffolk County Department of Social Services, respondent; Cheryl M. (Anonymous), et al., appellants. (Proceeding No. 2)


Gina M. Scelta, Huntington, NY, for appellant Cheryl M.
Abbe C. Shapiro, Mount Sinai, NY, for appellant Richard N.
Dennis M. Brown, County Attorney, Central Islip, NY (Karin A. Bohrer of counsel), for respondent.
Margaret Carlo, Brentwood, NY, attorney for the children.



DECISION & ORDER
In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother and the father separately appeal from an order of the Family Court, Suffolk County (Theresa Whelan, J.), dated June 6, 2017. The order, upon the mother's and the father's consent to findings of permanent neglect, and after a dispositional hearing, terminated the mother's and the father's parental rights on the ground of permanent neglect and transferred guardianship and custody of the subject children to the petitioner for the purpose of adoption.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner, Suffolk County Department of Social Services, commenced two proceedings (one as to each of the subject children) to terminate the mother's and the father's parental rights. The mother and the father consented to findings that they permanently neglected the children. After a dispositional hearing, the Family Court terminated the mother's and the father's parental rights and transferred guardianship and custody of the children to the petitioner for the purpose of adoption. The mother and the father separately appeal.
Contrary to the mother's contention, her admission to having permanently neglected the subject children satisfied the burden of proof necessary for the Family Court's finding of permanent neglect against her (see Matter of Nyasia E.R. [Michael R.], 121 AD3d 792, 793; Matter of Megan L.G.H. [Theresa G.H.], 102 AD3d 869, 869; Matter of Adam L. [Marie L.-K.], 97 AD3d 581, 582).
"At a dispositional hearing after a finding of permanent neglect, the Family Court must make its determination based upon the best interests of the [children]" (Matter of Phoenix D.A. [Jessie A.], 143 AD3d 701, 702; see Matter of Karina J.M. [Carmen Enid G.], 145 AD3d 893, 895). " The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity'" (Matter of Breana R.S. [Triana B.-S.], 148 AD3d 1157, 1158, quoting Matter of Derrick D. A. [Shavonna L.L.D.], 134 AD3d 928, 929).
Here, we agree with the Family Court's determination, based on a preponderance of the evidence, that it was in the children's best interests to terminate the parental rights of the mother and the father, as termination of parental rights will free the children for adoption, providing them with the opportunity to have a permanent family (see Matter of Michael B., 80 NY2d 299, 310; Matter of Karmer A.E. [Carlos A.E.], 158 AD3d 627, 627; Matter of Nyasia E.R. [Michael R.], 121 AD3d at 793; Matter of Jordan E.G.L. [Christina D.L.], 108 AD3d 546, 547). Moreover, a suspended judgment was not appropriate in light of the mother's and the father's failure to acknowledge and address some of the issues that led to the children's removal in the first instance (see Matter of Lasuree A.B. [Carla S.B.], 141 AD3d 578, 579; Matter of Jaylen S. [Victoria S.], 102 AD3d 877; Matter of Megan L.G.H. [Theresa G. H.], 102 AD3d 869, 870).
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court