Matter of Thoms (2020 NY Slip Op 01830)





Matter of Thoms


2020 NY Slip Op 01830


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1278 CA 19-00093

[*1]IN THE MATTER OF MATTHEW THOMS, SUPERINTENDENT OF FIVE POINTS CORRECTIONAL FACILITY, PETITIONER-RESPONDENT, FOR AN ORDER AUTHORIZING THE FEEDING, HYDRATION, AND TREATMENT OF SHANE H., RESPONDENT-APPELLANT. (INDEX NO. 52579.)






DANIELLE C. WILD, ROCHESTER, FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Seneca County (Daniel J. Doyle, J.), entered January 9, 2019. The order, among other things, authorized the Department of Corrections and Community Supervision to forcibly feed respondent should respondent refuse to eat. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent, a prison inmate with a history of engaging in hunger strikes, appeals from an order that, inter alia, authorizes the Department of Corrections and Community Supervision to forcibly feed him should he refuse to eat. The order remains effective until respondent's release from custody. We affirm.
The preservation rule applies in a proceeding to authorize the forcible feeding of a hunger-striking prisoner (see Matter of Bezio v Dorsey, 21 NY3d 93, 98-100 [2013]). Here, despite having been given a copy of the proposed order before it was signed, respondent did not object to either the duration or scope of the order, and he never asked that it be amended to incorporate the substantive limitations that he now seeks on appeal. In fact, the record shows that respondent "consented to the procedure employed by [Supreme Court], fully participated in the proceedings . . . , and did not raise [his] current objection[s] until [now]" (THI of Ill. at Brentwood, LLC v CAM-Brentwood, LLC, 98 AD3d 464, 464 [1st Dept 2012]). Respondent's appellate contentions are thus unpreserved for our review (see People v Konieczny, 2 NY3d 569, 572 [2004]; Van Sharma, Inc. v Chamberlain,
109 AD3d 1094, 1095 [4th Dept 2013]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court