Matter of Raul R. (III) v Raul R. (2021 NY Slip Op 06566)





Matter of Raul R. (III) v Raul R.


2021 NY Slip Op 06566


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Acosta, P.J., Gische, Singh, Scarpulla, Mendez, JJ. 


Docket No. B-15277/17 Appeal No. 14666 Case No. 2020-04446 

[*1]In the Matter of Raul R. (III), a Child Under Eighteen Years of Age, etc., Catholic Guardian Services, Petitioner-Respondent,
v
Raul R., Respondent-Appellant, Cinthia R., Respondent-Respondent, Jeanette A., Intervenor-Respondent.


Larry S. Bachner, New York, for appellant.
Magovern & Sclafani, Mineola (Frederick J. Magovern of counsel), for Catholic Guardian Services, respondent.
Steven P. Forbes, Huntington, for Cinthia S., respondent.
Law Offices of Randall S. Carmel, Jericho (Randall Carmel of counsel), attorney for the child.



Order of fact-finding and disposition, Family Court, New York County (Jonathan H. Shim, J.), entered on or about November 4, 2020, which, upon a finding of permanent neglect, terminated respondent father's parental rights to the subject child and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence. The record shows that the agency made diligent efforts to encourage and strengthen the parental relationship by seeking the father's cooperation in developing a plan tailored to his needs, and by, among other things, scheduling visitation and referring him for appropriate services (see Social Services Law § 384-b[7][f]; Matter of Jamal N. [Shanikqua N.], 89 AD3d 537, 538 [1st Dept 2011]). However, the father refused to accept the agency's referrals (see Matter of Toshea C.J., 62 AD3d 587, 587 [1st Dept 2009]). In addition, the father's refusal to acknowledge the underlying problems that led to the child's placement prevented him from making any progress in addressing his parental deficiencies (see Matter of Pedro C., 55 AD3d 475, 476 [1st Dept 2008], lv denied 11 NY3d 715 [2009]).
A preponderance of the evidence supports Family Court's determination that it was in the child's best interests to terminate the father's parental rights and free the child for adoption. The child has been living with the foster mother for his entire life in the only home he has known. Further, the foster mother wants to adopt the child, and she meets his special needs (see Matter of Isaiah Steven A. [Anne Elizabeth Pierre L.], 100 AD3d 559, 560 [1st Dept 2012], lv denied 20 NY3d 859 [2013]; see also Matter of Isaiah Jaysean J. [Cierra Tassandra J.], 128 AD3d 438, 439 [1st Dept 2015]).
A suspended judgment was not appropriate, as it would not likely have resulted in resolution of the father's substantial difficulties, which he failed to address over a period of many years. At the time of disposition, the father still had not completed required services, including a substance abuse program, nor had he consistently engaged in mental health services. The father also refused to acknowledge, and was ill-equipped to handle, the child's special needs; thus, there was no evidence that he was able to care for the child or would be able to do so in the future (see Matter of Tion Lavon J. [Saadiasha J.],159 AD3d 579, 579-580 [1st Dept 2018]).
We have considered the father's remaining contentions and find them unpreserved and unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021