Matter of Matthew M. (Wakissa T.) (2022 NY Slip Op 00605)





Matter of Matthew M. (Wakissa T.)


2022 NY Slip Op 00605


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND BANNISTER, JJ.


1133 CAF 21-00622

[*1]IN THE MATTER OF MATTHEW M. AND TRESEA M. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-APPELLANT; WAKISSA T., RESPONDENT-RESPONDENT. (APPEAL NO. 1.)






DEENA K. MUELLER-FUNKE, BUFFALO, FOR PETITIONER-APPELLANT.
CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-RESPONDENT. 
TINA M. HAWTHORNE, BUFFALO, ATTORNEY FOR THE CHILD.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NATHALIE T. MARIN OF COUNSEL), ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered October 27, 2020 in a proceeding pursuant to Family Court Act article 10. The order, among other things, denied in part petitioner's motion for respondent to submit to a parenting assessment and mental health evaluation. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 10, petitioner appeals in appeal Nos. 1 and 2 from two orders that, inter alia, denied in part petitioner's motions pursuant to Family Court Act § 251 seeking an examination of respondent mother. Petitioner contends that Family Court exceeded its authority by ordering it to obtain and pay for a risk assessment to be performed by a licensed mental health counselor. We affirm. At oral argument on petitioner's motions, the court charted its course for resolving the motions, explaining the type of evaluation that it believed to be most appropriate under the circumstances and naming who it intended to appoint to perform the evaluation. Petitioner could have raised any of its arguments at that time, or by written submission in the months between oral argument on the motions and the court's issuance of its email decision, but it did not do so. Thus, we conclude that petitioner's contention is not properly before us inasmuch as petitioner raises it for the first time on appeal (see Matter of Daniel K. [Roger K.], 166 AD3d 1560, 1560-1561 [4th Dept 2018], lv denied 32 NY3d 919 [2019]; Matter of Paige K. [Jay J.B.], 81 AD3d 1284, 1284 [4th Dept 2011]). The contentions raised by the mother and by the attorney for the second-eldest child are " 'beyond our review' " inasmuch as neither party filed a notice of appeal (Matter of Carroll v Chugg, 141 AD3d 1106, 1106 [4th Dept 2016]).
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court