Matter of Everett (2022 NY Slip Op 07506)

Matter of Everett

2022 NY Slip Op 07506

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Moulton, Mendez, JJ. 

Docket No. NN-27759/18 Appeal No. 17007 Case No. 2021-04133 

[*1]In the Matter of Everett, A Child Under Eighteen Years of Age, etc., Basdeo M. Respondent-Appellant, Administration for Children's Services, Respondent-Respondent.

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (D. Alan Rosinus, Jr., of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.

Amended order of fact-finding and disposition (one paper), Family Court, Bronx County (Lynn M. Leopold, J.), entered on or about October 13, 2021, insofar as it found that respondent father neglected the subject child by committing acts of domestic violence against the mother in the child's presence, failed to follow the court's order of protection, and neglected the child based on excessive corporal punishment unanimously modified, on the law and the facts, to vacate the finding of excessive corporal punishment, and otherwise affirmed, without costs.
A preponderance of the evidence established that respondent neglected the child by committing an act of domestic violence against the mother on September 25, 2018 in the child's presence that resulted in physical, mental or emotional impairment or imminent danger to the child (see Family Ct Act § 1012[f][i]; Matter of Terrence B. [Terrence J.B.], 171 AD3d 463, 463 [1st Dept 2019]; Matter of Cristalyn G. [Elvis S.], 158 AD3d 563, 564 [1st Dept 2018]). The evidence established that respondent arrived home in an intoxicated state, threatened to kill the mother in front of the child, and dragged her out of the bedroom into the hallway where he started to strangle her. In the meantime, the child remained nearby, and at one point tried to intercede by grabbing respondent's leg and pleading with him to leave his mother and him alone. Under the circumstances, Family Court properly determined that the child's emotional condition was impaired and that he was exposed to a risk of substantial harm (see Matter of J.R.M.-C. [Antonio M.], 176 AD3d 623, 624 [1st Dept 2019]). Additionally, there is no reason to disturb the court's credibility assessment and its determination that the ACS caseworker and the mother were credible witnesses (id.; see also Matter of Melind M. v Joseph P., 95 AD3d 553, 555 [1st Dept 2012] ["A hearing court's determination is entitled to great deference because the hearing court has the best vantage point for evaluating the credibility of the witnesses. Its determination should therefore not be set aside unless it lacks a sound and substantial evidentiary basis."]).
Respondent's argument that the court could not consider violation of the temporary order of protection because it was unjustifiably issued, and because he was never served a copy of that order, is unpreserved. Having failed to preserve these arguments, respondent cannot raise them now (see e.g. Matter of Star Leslie W., 63 NY2d 136, 145 [1984]; Matter of Rosa N. v Luis F., 166 AD3d 451, 451-452 [1st Dept 2018]).
A preponderance of the evidence does not support a finding of neglect based on excessive corporal punishment as a result of the January 2019 incident (see Matter of Christy C. [Jeffrey C.], 74 AD3d 561, 562-563 [1st Dept 2010]). The child's out-of-court statement made to the mother that respondent had slapped him was not sufficiently corroborated (see Matter of Selena R. [Joseph L.], 81 AD3d 449, 450 [1st Dept 2011[*2]], lv denied 16 NY3d 714 [2011]). Although the mother testified that the child was yelling during the incident, it appeared that he was distraught by the fact that his parents were arguing and not by any alleged slap. Furthermore, there was no evidence of any prior incident of corporal punishment by respondent or evidence of serious injury to the child. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022