Matter of Tyra H. v Tariq M. (2024 NY Slip Op 05184)

Matter of Tyra H. v Tariq M.

2024 NY Slip Op 05184

Decided on October 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 22, 2024

Before: Webber, J.P., Friedman, Mendez, Shulman, O'Neill Levy, JJ. 

Docket No. V-04698/21, V-04871/21 Appeal No. 2858 Case No. 2023-05645 

[*1]In the Matter of Tyra H. Also Known as Tyra B. Petitioner-Appellant,
v
Tariq M., Respondent-Respondent.

Anne Reiniger, New York, for appellant.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for respondent.

Order, Family Court, New York County (Gigi N. Parris, J.), entered on or about October 24, 2023, which, after a fact-finding hearing, granted respondent father's petition for sole legal and physical custody of the parties' child and denied petitioner mother's custody petition, unanimously affirmed, without costs.
There is a sound and substantial basis in the record for Family Court's determination that the child's best interests are served by awarding sole legal and physical custody to the father (see Matter of Everett [Basdeo M.], 211 AD3d 641, 642 [1st Dept 2022]). The determination was based on evidence that while the child lived with the father for the past three years or more, the father had been the more proactive parent in meeting the educational and medical needs of the child, who is on the autism spectrum (see Matter of Jose R. v Diomara L., 199 AD3d 428, 429 [1st Dept 2021], lv denied 37 NY3d 904 [2021]; Matter of Daniel B. v Selina T., 195 AD3d 484, 485 [1st Dept 2021]). Furthermore, the father provided a stable home and maintained employment, and the paternal grandmother was a resource for the father and the child.
By contrast, mother had a limited role in the child's education, care, and development, and she showed less understanding of the child's special needs. Throughout the proceedings, the mother remained unemployed and moved at least three times with her now husband, his two sons and their two infant children, and it was unclear that their living arrangement provided a proper sleeping space for the child (see Matter of Frederick A. v Lisa C., 121 AD3d 495, 495 [1st Dept 2014]).
Family Court's determination that both parents were credible but that the father provided a more reliable account is entitled to deference (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]). Moreover, the court was entitled to give weight to the attorney for the child's position that custody should be awarded to the father with provisions for parenting access with the mother (see Matter of Edward L. v Jasmine M., 176 AD3d 436, 437 [1st Dept 2019]; Matter of Frederick A. 121 AD3d at 495).
To the extent the mother asserts that the father has not complied with the terms of the custody and visitation order, the information regarding that assertion is outside the record and does not provide a basis for reversing the order or remanding to Family Court (see Matter of Brisard v Brisard, 211 AD3d 838, 839 [2d Dept 2022], lv denied 39 NY3d 910 [2023]; Mendoza v Plaza Homes, LLC, 55 AD3d 692, 692-693 [2d Dept 2008]).
We have considered the mother's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2024