Matter of Nedia M. v Ashley M. (2025 NY Slip Op 01731)

Matter of Nedia M. v Ashley M.

2025 NY Slip Op 01731

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, DELCONTE, AND KEANE, JJ.

56 CAF 23-02093

[*1]IN THE MATTER OF NEDIA M., PETITIONER-RESPONDENT,
v
ASHLEY M., RESPONDENT-APPELLANT, AND GREGORY M., RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS R. BABILON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR PETITIONER-RESPONDENT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (LISA S. CUOMO OF COUNSEL), FOR RESPONDENT-RESPONDENT.
WALTER BURKARD, MANLIUS, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Onondaga County (Christina F. DeJoseph, J.), entered September 6, 2023, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, appointed petitioner as the guardian of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings for appointment of a kinship guardian pursuant to Family Court Act article 6 and SCPA article 17, respondent mother (respondent) appeals in appeal No. 1 and in appeal No. 2 from orders appointing petitioner, the paternal aunt of the subject children, as their kinship guardian.
Respondent contends in each appeal that Family Court lacked subject matter jurisdiction over these proceedings because the guardianship petitions were filed at a time when the permanency goal in each child's Family Court Act article 10-A proceeding was return to parent rather than referral for legal guardianship (see generally Family Ct Act § 661 [c]). We reject that contention. Family Court Act § 661 (c) allows a child's relative to file a kinship guardianship petition while an article 10 or 10-A proceeding is pending (see Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Family Ct Act § 661; see generally Matter of Rebecca B. v Michael B., 152 AD3d 675, 676 [2d Dept 2017]). Indeed, the court was required to consider all potential placement options, including the possibility of referral for legal guardianship or other permanent placement with a relative, at each permanency hearing held pursuant to article 10-A for the subject children (see § 1089 [c] [1]; [d] [2] [i]). Further, although a court may not impose "concurrent and contradictory permanency goals" (Matter of Dakota F. [Angela F.], 92 AD3d 1097, 1098-1099 [3d Dept 2012]), "simultaneously considering [guardianship] and working with a parent is not necessarily inappropriate" (Matter of Kiara F. [Evan F.], 231 AD3d 1489, 1490-1491 [4th Dept 2024] [internal quotation marks omitted]; see Matter of Steven S. [Lyndsey M.], 229 AD3d 1207, 1209 [4th Dept 2024]).
Respondent further contends that the court erred in failing to hold a joint hearing on the issues of permanency and guardianship, particularly inasmuch as the permanency goal for the children had not changed from return to parent. We reject that contention. Initially, we note that the court was not required to hold a joint hearing; rather, the Family Court Act provides that the [*2]court "may consolidate the hearing of the guardianship petition . . . with . . . a permanency hearing under article [10-A]" (Family Ct Act § 661 [c]; see also § 1089-a [a]). Nevertheless, the record demonstrates that the court held a joint permanency and guardianship hearing—regardless of how that hearing was formally denominated—inasmuch as the court considered both the appropriate permanency goal and the merits of the guardianship petitions. The record further demonstrates that, in connection with granting the guardianship petitions, the court ultimately determined that referral for guardianship was an appropriate permanency goal and that there were compelling reasons why return to parent was not an appropriate goal. Contrary to respondent's contention, the court's determination that return to parent was no longer an appropriate permanency goal is supported by a sound and substantial basis in the record inasmuch as a preponderance of the evidence established that the children would be at risk of neglect if returned to respondent because of her ongoing relationship with respondent father, despite the danger he posed to the children, and because of her refusal to substantiate that she was no longer using drugs (see Matter of Nevaeh L. [Katherine L.], 177 AD3d 1400, 1402 [4th Dept 2019]; Matter of Carson W. [Jamie G.], 128 AD3d 1501, 1504 [4th Dept 2015], lv dismissed 26 NY3d 976 [2015]).
Even assuming, arguendo, that respondent preserved for our review her contention that the court erred in granting those parts of petitioner's motions seeking partial summary judgment on the issue of the existence of extraordinary circumstances (cf. Matter of Torres v Burchell, 228 AD3d 1303, 1303 [4th Dept 2024], lv denied 42 NY3d 908 [2024]; Van Sharma, Inc. v Chamberlain, 109 AD3d 1094, 1095 [4th Dept 2013]), we conclude that the court did not err in granting those parts of the motions. Petitioner sustained her initial burden of demonstrating the existence of extraordinary circumstances based on, inter alia, the court's prior finding that respondent neglected the subject children (see Matter of Emma D. [Kelly V.(D.)], 180 AD3d 1331, 1332-1333 [4th Dept 2020], lv denied 35 NY3d 907 [2020]; see generally Matter of Holmes v Glover, 68 AD3d 868, 869 [2d Dept 2009]). Respondent failed to raise a triable issue of fact on that discrete issue (see generally Matter of Paige K. [Jay J.B.], 81 AD3d 1284, 1285 [4th Dept 2011]).
We reject respondent's contention that the court erred in failing to hold age-appropriate consultation with the children pursuant to Family Court Act § 1089-a (e). The Family Court Act does not require that a young child be personally produced in court for such consultation, and we conclude that the court's obligation was satisfied by "eliciting . . . the child[ren]'s wishes from the attorney for the child[ren]" (Dakota F., 92 AD3d at 1098; see also Matter of Isayah R. [Shaye R.], 189 AD3d 1942, 1944 [3d Dept 2020]).
Contrary to respondent's contention, the court had the authority to set terms for respondent's visitation with the children upon its appointment of petitioner as their kinship guardian (see Matter of Eliza JJ. v Felipe KK., 173 AD3d 1285, 1285 [3d Dept 2019]; Matter of Caron C.G.G. [Alicia G.—Jasmine D.], 165 AD3d 476, 477 [1st Dept 2018]). "[T]he propriety of visitation is generally left to the sound discretion of Family Court[,] whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound basis in the record" (Matter of Mountzouros v Mountzouros, 191 AD3d 1388, 1389 [4th Dept 2021], lv denied 37 NY3d 902 [2021] [internal quotation marks omitted]). Although neither petitioner nor respondent requested supervised visitation, the record supports the court's determination that "the best interests of the child[ren] would be served by the continuation of supervised visitation" (Matter of Burczynski v Rodgers, 61 AD3d 1401, 1401 [4th Dept 2009]; see Matter of Reska v Browne, 182 AD3d 1052, 1052 [4th Dept 2020]).
Finally, we reject respondent's contention that she was denied effective assistance of counsel. Respondent asserts that counsel was ineffective in failing to oppose petitioner's motions, each of which sought partial summary judgment on the issue of extraordinary circumstances and an order requiring respondent to submit to drug testing, and in failing to obtain certification for certain other drug test results and introduce them as a part of respondent's case. We note, however, that "[t]here is no denial of effective assistance of counsel . . . arising from a failure to make a motion or argument that has little or no chance of success" (Matter of DeVita v DeVita, 155 AD3d 1587, 1588 [4th Dept 2017], lv denied 31 NY3d 901 [2018] [internal quotation marks omitted]). With respect to respondent's assertion that counsel was ineffective in failing to certify and introduce certain other drug test results during the guardianship hearing, we conclude that respondent failed to demonstrate "the absence of strategic [*3]or other legitimate explanations for counsel's alleged shortcomings" (Matter of Doner v Flora, 229 AD3d 1158, 1158 [4th Dept 2024] [internal quotation marks omitted]). Despite respondent's contentions that counsel did not sufficiently communicate with her during the proceedings, we conclude that the record, viewed in totality, establishes that respondent received meaningful
representation (see Matter of Rotundo v Deptola, 232 AD3d 1323, 1324 [4th Dept 2024]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court