Lee v Lee (2025 NY Slip Op 05886)

Lee v Lee

2025 NY Slip Op 05886

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, González, Michael, JJ. 

Index No. 365055/18|Appeal No. 5017|Case No. 2024-04532|

[*1]Svetlana Youliyanova Ilieva Lee, Plaintiff-Appellant,
v
Mark M. Lee, Defendant-Respondent.

The McPherson Firm, PC, New York (Laurie J. McPherson of counsel), for appellant.
Miller Zeiderman LLP, New York (Lisa Zeiderman of counsel), for respondent.

Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered June 25, 2024, which, after trial, granted legal custody and primary residential custody of the subject children to defendant father, and set a parenting time schedule, unanimously affirmed, without costs.
While plaintiff mother had a statutory right to counsel in these proceedings (see Family Ct Act § 262 [a]), she also "had the right to waive counsel and proceed pro se, provided [she] did so knowingly, intelligently, and voluntarily" (Matter of Angel N. v Elizabeth A., 169 AD3d 596, 596-597 [1st Dept 2019]). To determine if a party has validly waived the right to counsel, a court must conduct a "searching inquiry" to ensure that the waiver has been made knowingly, voluntarily, and intelligently (People v Arroyo, 98 NY2d 101, 103 [2002]); "While there is no rigid formula to the court's inquiry, there must be a showing that the party was aware of the dangers and disadvantages of proceeding without counsel" (Matter of Angel N., 169 AD3d at 596 [internal quotation marks omitted]).
Here, the court conducted the requisite inquiry. When the mother's counsel validly withdrew from representation, the mother stated, unequivocally, that she would either obtain counsel or proceed pro se, but in any event did not want any delay of the custody trial, which by that point had lasted nearly 10 days. The court advised the mother of the advantages of retaining counsel, encouraged her to do so, and provided several avenues for her to obtain representation or a referral. However, if she proceeded pro se, she would have to pick up where counsel left off mid-cross-examination and would be held to the same rules of evidence as an attorney. The mother understood this, specifically articulating her understanding that she would be placed at a disadvantage. She twice declined the court's offer to cancel the next trial date to afford her more time to retain counsel. Thus, the mother clearly understood the dangers of proceeding without counsel, and her waiver was knowing, intelligent and voluntary.
To prevail on her ineffective assistance of counsel claim, the mother had to demonstrate that she was deprived of meaningful representation by reason of counsel's deficiency and that she suffered actual prejudice as a result (Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 617 [1st Dept 2020], lv denied 35 NY3d 911 [2020]). The mother's sole argument in support of her claim is counsel's advice that she assert her right against self-incrimination when questioned about the source of funds used for one child's tuition payment. To the extent this was error, it was not the sole basis for the court's determination that her testimony was not credible, and in any event, this concern on her counsel's part did not demonstrate any absence of strategic or legitimate explanation, nor was it so egregious as to have deprived her of a fair trial (see e.g. People v Watkins, 42 NY3d 635, 640 [2024], cert denied — US —, 145 S Ct 459 [2024]).
Although this Court's authority in custody matters is as broad as that of the trial court, the trial court's findings and determination are accorded great deference on appeal (Matter of Mildred S.G. v Mark G., 62 AD3d 460, 460 [1st Dept 2009]), since that court had the opportunity to assess the witnesses' demeanor and credibility (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]; Matter of Shirley D.-A. v Gregory D. A., 168 AD3d 635, 635 [1st Dept 2019]). The court's factual determinations should not be set aside unless they lack a "sound and substantial evidentiary basis" (Matter of Everett [Basdeo M.], 211 AD3d 641, 642 [1st Dept 2022]). Here, there was a sound basis for the court's award of sole legal and primary physical custody to the father. It was clear from the record that the parties were unable to engage in joint decision-making, which was particularly evident by the mother's unilateral and at times secretive acts in attempting to enroll the younger child in school against the father's wishes and court order. The court's conclusions about the mother's lack of credibility is also well supported by the record, and to the extent that both parties engaged in domestic violence, that factor does not favor either parent (see Matter of Scott v Thompson, 166 AD3d 627, 629 [2d Dept 2018]).
Finally, a child's preference for a particular parent, while a factor to be considered, is not determinative and the court was not bound to abide by their wishes (see Matter of Eschbach, 56 NY2d at 173; Matter of Susan A. v Ibrahim A., 96 AD3d 439, 440 [1st Dept 2012]), particularly where, under the particular circumstances of this case, the trial court concluded that the children were likely being unduly influenced by the mother. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025