Matter of Adam M. M. (Sophia M.) (2020 NY Slip Op 00276)





Matter of Adam M. M. (Sophia M.)


2020 NY Slip Op 00276


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-15066
2018-15068
 (Docket Nos. B-17895-17, B-17896-17)

[*1]In the Matter of Adam M. M. (Anonymous). SCO Family of Services, petitioner-respondent; Sophia M. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of "No Given Name" F. (Anonymous), also known as Matthew M. (Anonymous). SCO Family of Services, petitioner-respondent; Sophia M. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)


Helen Chowes, New York, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from two orders of fact-finding and disposition (one as to each child) of the Family Court, Queens County (Joan L. Piccirillo, J.), both dated November 14, 2018. The orders of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, and upon the mother's failure to appear at the fact-finding hearings, found that the mother abandoned and permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the subject children to the petitioner for the purpose of adoption.
ORDERED that the appeals from so much of the orders of fact-finding and disposition as found that the mother abandoned and permanently neglected the subject children are dismissed, without costs or disbursements, as no appeal lies from those portions of the orders which were entered on the mother's default (see Matter of Serenity C.W. [Antoinette W.], 158 AD3d 716); and it is further,
ORDERED that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements.
The two subject children, born in 2011 and 2012, respectively, were placed in kinship foster care in 2015. In 2017, the petitioner commenced these related proceedings pursuant to Social [*2]Services Law § 384-b, inter alia, to terminate the mother's parental rights on the grounds of abandonment and permanent neglect. After fact-finding and dispositional hearings, the Family Court found that the mother abandoned and permanently neglected the children, terminated her parental rights, and transferred custody and guardianship of the children to the petitioner for the purpose of adoption.
The mother did not appear at the fact-finding hearings until the hearings had concluded and decisions had been rendered. Under the circumstances, she may not challenge on these appeals those portions of the orders of fact-finding and disposition which found that she abandoned and permanently neglected the children (see Matter of Serenity C.W. [Antoinette W.], 158 AD3d 716, 717; Matter of Dupree J.P. [Richard P.], 128 AD3d 967, 968).
Contrary to the mother's contention, the record supports the Family Court's determinations, by a preponderance of evidence, that it was in the best interests of the children to terminate her parental rights and free the children for adoption (see Matter of Stefano E.W., 172 AD3d 882, 883-884; Matter of Amber L.M., 167 AD3d 746, 747).
The mother contends that she was deprived of the effective assistance of counsel. "A respondent in a proceeding pursuant to Social Services Law § 384-b has the right to the assistance of counsel (see Family Ct Act § 262[a][iv]), which encompasses the right to the effective assistance of counsel" (Matter of Deanna E.R. [Latisha M.], 169 AD3d 691, 692). "[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings" (Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 943).
"An attorney representing a client is entitled to make strategic and tactical decisions concerning the conduct of trials'" (Matter of Deanna E.R. [Latisha M.], 169 AD3d at 692, quoting People v Colon, 90 NY2d 824, 826). Accordingly, "what constitutes effective assistance is not and cannot be fixed with precision, but varies according to the particular circumstances of each case" (People v Rivera, 71 NY2d 705, 708). To prevail on a claim of ineffective assistance of counsel, it is incumbent on the respondent to "demonstrate the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings (id. at 709; see People v Mendoza, 33 NY3d 414, 418). Here, contrary to the mother's contention, she failed to establish "the absence of strategic or other legitimate explanations" for her counsel's alleged shortcomings (People v Rivera, 71 NY2d at 708; see Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856; Matter of Deanna E.R. [Latisha M.], 169 AD3d at 692; cf. Matter of Ricardo T., Jr. [Ricardo T., Sr.], 172 AD3d 732, 733).
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court