Matter of Anjae R.K. (Johnayia S.) (2020 NY Slip Op 02787)





Matter of Anjae R.K. (Johnayia S.)


2020 NY Slip Op 02787


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-02353
 (Docket No. B-3860-18)

[*1]In the Matter of Anjae R. K. (Anonymous). Orange County Department of Social Services, respondent; Johnayia S. (Anonymous), appellant.


Dawn M. Shammas, Harrison, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Peter R. Schwarz of counsel), for respondent.
Marsha E. Koretzky, Goshen, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of disposition of the Family Court, Orange County (Christine P. Krahulik, J.), dated February 19, 2019. The order of disposition, upon a finding of permanent neglect, and after a dispositional hearing, terminated the mother's parental rights on the ground of permanent neglect and transferred guardianship and custody of the subject child to the petitioner for the purpose of adoption.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding to terminate the mother's parental rights. The mother admitted to having permanently neglected the subject child. After a dispositional hearing, the Family Court terminated the mother's parental rights and transferred guardianship and custody of the child to the petitioner for the purpose of adoption. The mother appeals.
The mother did not move to vacate her admission to having permanently neglected the child. Accordingly, the mother's contention that her allocution was not knowingly, voluntarily, and intelligently given, and therefore legally insufficient, is unpreserved for appellate review (see Matter of Nyasia E.R. [Michael R.], 121 AD3d 792; Matter of Megan L.G.H. [Theresa G.H.], 102 AD3d 869).
In any event, there is no evidence in the record that the mother's admission to having permanently neglected the child was not knowingly, voluntarily, and intelligently given. Contrary to the mother's contention, the record demonstrates that she was properly informed that the matter would proceed to a dispositional hearing, after which her parental rights could be terminated and the child freed for adoption. The mother's admission satisfied the burden of proof necessary for the court's finding of permanent neglect (see Matter of Jason A. [Maritza L.G.], 177 AD3d 968).
At the dispositional hearing, the Family Court must make its determination based [*2]upon the best interests of the child (see Matter of Phoenix D.A. [Jessie A.], 143 AD3d 701). The court must determine whether it is in the child's best interests to dismiss the petition, grant a suspended judgment, or terminate parental rights (see Family Ct Act § 631). Here, given the prior history of this case and the evidence as presented at the dispositional hearing, the court properly found by a preponderance of the evidence that termination of the mother's parental rights and freeing the child for adoption is in the child's best interests (see Matter of Amber L.M. [Cheryl M.], 167 AD3d 746; Matter of Jacqueline E.S.B. [Daniel B.], 160 AD3d 828).
While the mother contends that she should have been given a brief grace period by way of a suspended judgment (see Matter of Michael B., 80 NY2d 299, 311), the record shows that she had already been given more than one "second chance," yet remained noncompliant with requirements for reunification with the child. Under these circumstances, a suspended judgment would not be appropriate (Matter of Amaarie L.M. [Kelly R.], 166 AD3d 977, 978 [internal quotation marks omitted]).
The mother's remaining contentions, which concern another child who is not a subject of this proceeding, are not properly before this Court.
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court