Matter of Skylar P. J. (Kerry M. T.) (2020 NY Slip Op 05209)





Matter of Skylar P. J. (Kerry M. T.)


2020 NY Slip Op 05209


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-09750
 (Docket Nos. B-10337-18, B-10342-18)

[*1]In the Matter of Skylar P. J. (Anonymous). Suffolk County Department of Social Services, respondent; Kerry M. T. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Hunter C. J. (Anonymous). Suffolk County Department of Social Services, respondent; Kerry M. T. (Anonymous), appellant. (Proceeding No. 2.)


Glenn Gucciardo, Northport, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (Randall J. Ratje of counsel), for respondent.
Lynn Poster-Zimmerman, Huntington, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of disposition of the Family Court, Suffolk County (Frank A. Tantone, J.), dated July 26, 2019. The order of disposition, upon a finding that the mother permanently neglected the subject children, made upon her admission, and after a dispositional hearing, terminated her parental rights and transferred guardianship and custody of the subject children to the petitioner for the purpose of adoption.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced these proceedings to terminate the mother's parental rights to the subject children. The mother admitted to having failed to fully complete mental health, parenting skills, and substance abuse treatment programs as mandated by an order of disposition issued in a prior child protective proceeding, and, upon this admission, the Family Court found that she permanently neglected the children. After a dispositional hearing, the court terminated the mother's parental rights and transferred guardianship and custody of the children to the petitioner for the purpose of adoption. The mother appeals.
The mother contends that the Family Court's finding of permanent neglect, made upon her admission, was not based on legally sufficient evidence. However, her contention is not properly before this Court given her failure to move before the Family Court to vacate her admission of permanent neglect (see Matter of Megan L.G.H. [Theresa G.H.], 102 AD3d 869, 869-870).
The mother's contention that the Family Court improperly took judicial notice of its entire court file is unpreserved for appellate review, as the mother did not object to this action taken by the court (see Matter of Damian M., 41 AD3d 600).
"[A]t the . . . dispositional hearing the court must consider only the best interests of the child involved" (Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430; see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148). A dispositional order suspending judgment provides a brief grace period to give a parent found to have permanently neglected a child a second chance to prepare for reunification with the child (see Family Ct Act § 633; Matter of Michael B., 80 NY2d 299, 311; Matter of Adam M.D. [Victoria M.C.], 170 AD3d 1006, 1007; Matter of Amaarie L.M. [Kelly R.], 166 AD3d 977, 978). A suspended judgment is permitted only where the court determines that such disposition is in the child's best interests (see Matter of Michael B., 80 NY2d at 311; Matter of Adam M.D. [Victoria M.C.], 170 AD3d at 1007; Matter of Amaarie L.M. [Kelly R.], 166 AD3d at 978). Here, we agree with the Family Court's determination that it would be in the children's best interests to terminate the mother's parental rights and that a suspended judgment was not appropriate, since the mother lacked insight into her problems and failed to address the issues that led to the children's removal (see Matter of Anjae R.K. [Johnayia S.], 183 AD3d 735, 736; Matter of Adam M.D. [Victoria M.C.], 170 AD3d at 1007; Matter of Amaarie L.M. [Kelly R.], 166 AD3d at 978).
"'A respondent in a proceeding pursuant to Social Services Law § 384-b has the right to the assistance of counsel (see Family Ct Act § 262[a][iv]), which encompasses the right to the effective assistance of counsel'" (Matter of Adam M.M. [Sophia M.], 179 AD3d 801, 802, quoting Matter of Deanna E.R. [Latisha M.], 169 AD3d 691, 692). "[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings" (Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 943). "An attorney representing a client is entitled to make 'strategic and tactical decisions concerning the conduct of trials'" (Matter of Deanna E.R. [Latisha M.], 169 AD3d at 692, quoting People v Colon, 90 NY2d 824, 826). Accordingly, "what constitutes effective assistance is not and cannot be fixed with precision, but varies according to the particular circumstances of each case" (People v Rivera, 71 NY2d 705, 708). To prevail on a claim of ineffective assistance of counsel, it is incumbent on the respondent to "demonstrate the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings (id. at 709; see People v Mendoza, 33 NY3d 414, 418). Here, contrary to the mother's contention, on this record, she failed to establish the absence of strategic or other legitimate explanations for her counsel's alleged shortcomings (see Matter of Adam M.M. [Sophia M.], 179 AD3d at 802-803; Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856; Matter of Deanna E.R. [Latisha M.], 169 AD3d at 692; Matter of Sean W.[Brittany W.], 87 AD3d 1318, 1319).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court