Matter of Grace G. (Gloria G.) (2021 NY Slip Op 02795)





Matter of Grace G. (Gloria G.)


2021 NY Slip Op 02795


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2019-13296
 (Docket No. B-20718-17)

[*1]In the Matter of Grace G. (Anonymous), etc. SCO Family of Services, respondent; Gloria G. (Anonymous), appellant.


Helene Bernstein, Brooklyn, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Raymond E. Rogers of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Diane Costanzo, J.), dated November 18, 2019. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, upon a finding that the mother had permanently neglected the subject child, terminated the mother's parental rights and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that on the Court's own motion, the notice of appeal from a decision after dispositional hearing dated October 18, 2019, is deemed to be a premature notice of appeal from the order of fact-finding and disposition dated November 18, 2019 (see CPLR 5520[c]); and it is further,
ORDERED that the order of fact-finding and disposition is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.
In October 2017, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject child, who was born in 2014, on the ground of permanent neglect. After fact-finding and dispositional hearings, upon finding that the mother had permanently neglected the child, the Family Court terminated her parental rights and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
At the dispositional stage of a proceeding to terminate parental rights, the Family Court must make its determination based solely on the best interests of the child (see Family Ct Act § 631). Depending on the best interests of the child, the court has to either dismiss the petition, [*2]suspend judgment for up to one year, or terminate parental rights (see Family Ct Act §§ 631, 633[b]; Social Services Law § 384-b[8][f]). A dispositional order suspending judgment provides a brief grace period to give a parent found to have permanently neglected a child a second chance to prepare for reunification with the child (see Family Ct Act § 633; Matter of Michael B., 80 NY2d 299, 311).
Here, the Family Court's determination to terminate the mother's parental rights rather than to enter a suspended judgment was not in the child's best interests (see Matter of Society for Seamens Children on Behalf of Juda J. v Jennifer J., 208 AD2d 849, 849-850; see e.g. Matter of Eric Z. [Guang Z.], 100 AD3d 646, 648). Although the child had been in foster care for several years, it is undisputed that the mother engaged in regular phone conversations with the child at least once a week; that, since March 2019, following a difficult pregnancy with her younger child which impeded her ability to travel from her apartment in upper Manhattan to the agency in Jamaica, Queens, where visitation occurred, she had been regularly visiting the child; that the child continued to refer to the mother as her mother and her foster parent as her auntie; and that there is a strong bond between the mother and the child and between the child and the mother's younger child, who resided with the mother. In addition, the mother had completed a drug treatment program and was drug free, attended a parenting class with intentions to attend additional classes, underwent a mental health evaluation, and was receiving therapy and preventive services. Further, following the child's placement in foster care, the mother, who, at the time that she gave birth to the child, was 20 years old and living in a group home, having entered foster care herself at the age of 17, obtained an associate's degree and secured an apartment. Moreover, in a related derivative neglect proceeding filed with respect to the mother's younger child, the mother was granted a suspended judgment which expired in July 2020. Consequently, under these circumstances, after the dispositional hearing, the court should have entered an order of disposition suspending judgment as requested by the mother and the attorney for the child, since the record demonstrates that such a disposition would have been in the child's best interests (see Matter of Society for Seamens Children on Behalf of Juda J. v Jennifer J., 208 AD2d at 849-850; see e.g. Matter of Eric Z. [Guang Z.], 100 AD3d at 648; cf. Matter of Anoushka G. [Cyntra M.], 132 AD3d 867, 868).
However, the mother's contention that she was deprived of the effective assistance of counsel is without merit. "A respondent in a proceeding pursuant to Social Services Law § 384-b has the right to the assistance of counsel (see Family Ct Act § 262[a][iv]), which encompasses the right to the effective assistance of counsel" (Matter of Deanna E.R. [Latisha M.], 169 AD3d 691, 692; see Matter of Adam M.M. [Sophia M.], 179 AD3d 801, 802). "[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings" (Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 943).
"An attorney representing a client is entitled to make 'strategic and tactical decisions concerning the conduct of trials'" (Matter of Deanna E.R. [Latisha M.], 169 AD3d at 692, quoting People v Colon, 90 NY2d 824, 826). "[W]hat constitutes effective assistance is not and cannot be fixed with precision, but varies according to the particular circumstances of each case" (People v Rivera, 71 NY2d 705, 708).
Here, contrary to the mother's contention, the record does not show that the mother's attorney lacked legitimate, strategic reasons for the decisions she made as to "the conduct of the trial" (Matter of Deanna E.R. [Latisha M.], 169 AD3d at 692 [internal quotation marks omitted]; see Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856). Viewed in totality, the record shows that the mother received meaningful representation during the hearings (see Matter of Darrell W. [Tenika C.], 110 AD3d 1088).
Accordingly, we reverse the order of fact-finding and disposition insofar as appealed from and remit the matter to the Family Court, Queens County, for further dispositional proceedings, namely, the entry of a suspended judgment, the duration and conditions of which shall be determined by the Family Court.
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court