Matter of Skylar P. J. (Kerry M. T.) (2022 NY Slip Op 02793)

Matter of Skylar P. J.

2022 NY Slip Op 02793

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2021-03875
 (Docket Nos. B-10337-18, B-10342-18)

[*1]In the Matter of Skylar P. J. (Anonymous). Suffolk County Department of Social Services, respondent; Kerry M. T. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Hunter C. J. (Anonymous). Suffolk County Department of Social Services, respondent; Kerry M. T. (Anonymous), appellant. (Proceeding No. 2) Glenn Gucciardo, Northport, NY, for appellant.

Dennis M. Cohen, County Attorney, Central Islip, NY (Jessica A. Cicale of counsel), for respondent.
Lynn Poster-Zimmerman, Huntington, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Suffolk County (Frank A. Tantone, J.), dated May 26, 2021. The order, insofar as appealed from, denied, without a hearing, the mother's motion to vacate an order of disposition of the same court dated July 26, 2019, which upon a finding that the mother permanently neglected the subject children, made upon her admission, and after a dispositional hearing, terminated her parental rights and transferred guardianship and custody of the subject children to the petitioner for the purpose of adoption.
ORDERED that the order dated May 26, 2021, is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.
The petitioner commenced these proceedings to terminate the mother's parental rights to the subject children. The mother admitted to having failed to fully complete mental health, parenting skills, and substance abuse treatment programs as mandated by an order of disposition issued in a prior child protective proceeding, and, upon this admission, the Family Court found that she permanently neglected the children. After a dispositional hearing, in an order of disposition dated July 26, 2019, the court terminated the mother's parental rights and transferred guardianship and custody of the children to the petitioner for the purpose of adoption.
Thereafter, the mother appealed to this Court contending, among other things, that her defense counsel was ineffective for allowing her to admit to permanent neglect and failing to [*2]present exculpatory evidence at a dispositional hearing. In the decision and order determining that appeal, this Court held, among other things, that the mother "failed to establish the absence of strategic or other legitimate explanations for her counsel's alleged shortcomings" (Matter of Skylar P.J. [Kerry M.T.], 186 AD3d 1687, 1689). We also held that the mother's contention "that the Family Court's finding of permanent neglect, made upon her admission, was not based on legally sufficient evidence . . . [wa]s not properly before this Court given her failure to move before the Family Court to vacate her admission of permanent neglect" (id. at 1687-1688, citing Matter of Megan L.G.H. [Theresa G.H.], 102 AD3d 869, 869-870).
Thereafter, the mother moved in the Family Court to vacate the order of disposition made upon the permanent neglect finding. The mother argued, among other things, that her admission was legally insufficient to support a finding of permanent neglect. She also averred, for the first time, that she received ineffective assistance of counsel in that she was not made aware of the burdens or standard of proof at trial before she entered her admission and that she "made the statements . . . because [she] was advised that it was necessary in order to have [her] children returned."
By order dated May 26, 2021, the Family Court, without a hearing, denied the mother's motion to vacate the order of disposition dated July 26, 2019. The mother appeals, arguing that she was entitled to an evidentiary hearing on her mixed ineffective assistance of counsel claim and on her claim that her admission was legally insufficient to support a finding of permanent neglect.
In a proceeding pursuant to Social Services Law § 384-b and Family Court Act article 6, a party may move for post-judgment relief under CPLR 5015 (see e.g. Matter of Isabella R.W. [Jessica W.], 142 AD3d 503, 504). The right to a post-judgment hearing, upon a motion to vacate, is predicated upon the existence of a fact not appearing on the face of the record, which if true, would entitle the party to the relief sought (see Matter of Bayley W. [Jaden W.], 100 AD3d 1203, 1204; Matter of Commissioner of Social Servs. of Rensselaer County [Faresta] v Faresta, 11 AD3d 750, 753; see also People v Pinto, 133 AD3d 787, 791-792; People v Jenkins, 84 AD3d 1403, 1408-1409).
The mother was entitled to an evidentiary hearing on her claim that she was deprived of the effective assistance of counsel. "'A respondent in a proceeding pursuant to Social Services Law § 384-b has the right to the assistance of counsel (see Family Ct Act § 262[a][iv]), which encompasses the right to the effective assistance of counsel'" (Matter of Adam M.M. [Sophia M.], 179 AD3d 801, 802, quoting Matter of Deanna E.R. [Latisha M.], 169 AD3d 691, 692). "[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings" (Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 943). Effective assistance is predicated on the standard of "meaningful representation" (Matter of Grace G. [Gloria G.], 194 AD3d 712, 715).
In this case, the mother submitted an affidavit alleging that, prior to entering her admission to permanent neglect, counsel failed to inform her of the burden and standard of proof at trial and that she made the admission "because [she] was advised that it was necessary in order to have [her] children returned." She further alleged that she "would not have made the statements that [she] made to the court if [she] had been fully advised of [her] rights." The Family Court did not ameliorate these purported deficiencies in its colloquy with the mother, and also omitted any reference to the possible consequences of the finding, including termination of her parental rights (cf. Matter of Anjae R.K. [Johnayia S.], 183 AD3d 735, 735; Matter of Nyasia E.R. [Michael R.], 121 AD3d 792, 793). Without information regarding the off-the-record communication between the mother and her counsel, it is impossible for this Court to determine whether the mother has a viable claim for ineffective assistance of counsel (see Matter of Commissioner of Social Servs. of Rennsselaer County, 11 AD3d 750, 753).
Accordingly, we reverse the order insofar as appealed from, and remit the matter to [*3]the Family Court, Suffolk County, for an evidentiary hearing and a new determination thereafter of the mother's motion to vacate the order of disposition dated July 26, 2019, in accordance herewith.
The parties' remaining contentions are without merit.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court