Matter of Malazah W. (Antoinette W.) (2022 NY Slip Op 04175)

Matter of Malazah W. (Antoinette W.)

2022 NY Slip Op 04175

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2021-04166
 (Docket Nos. B-2401-20, B-2402-20)

[*1]In the Matter of Malazah W. (Anonymous). Westchester County Department of Social Services, respondent; Antoinette W. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Malikah W. (Anonymous). Westchester County Department of Social Services, respondent; Antoinette W. (Anonymous), appellant. (Proceeding No. 2)

Scott Stone, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Shawna C. MacLeod of counsel), for respondent.
Donna E. Abrams, White Plains, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of disposition of the Family Court, Westchester County (Michelle I. Schauer, J.), dated May 25, 2021. The order, upon the mother's consent to findings of permanent neglect and, after a dispositional hearing, terminated the mother's parental rights on the ground of permanent neglect, and transferred custody and guardianship of the subject children to the Commissioner of the Westchester County Department of Social Services for the purpose of adoption.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced these proceedings to terminate the mother's parental rights to the subject children. The mother consented to findings that she permanently neglected the children and, following a dispositional hearing, the Family Court determined that it would be in the children's best interests to terminate the mother's parental rights and free them for adoption. In an order dated May 25, 2021, the court terminated the mother's parental rights and transferred custody and guardianship of the children to the Commissioner of the Westchester County Department of Social Services for the purpose of adoption. The mother appeals.
"[A]t the . . . dispositional hearing the court must consider only the best interests of the child involved, which is essentially a factual determination" (Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430; see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148; Matter of Amy B., 37 AD3d 600, 601). "After a dispositional hearing on a petition to terminate parental rights, a court may dismiss the petition, terminate parental rights and commit guardianship [*2]to the agency, or suspend judgment for a period of up to one year" (Matter of Chanel C. [Vanessa N.], 118 AD3d 826, 828; see Family Ct Act § 631; Matter of Anjae R.K. [Johnaiya S.], 183 AD3d 735, 736). A suspended judgment is permitted only where the court determines that such disposition is in the child's best interests (see Matter of Alfonso J.C. [Jamie A.], 188 AD3d 1196, 1197). To warrant a suspended judgment, a parent must demonstrate progress in overcoming their problems (see Matter of Chanel C. [Vanessa N.], 118 AD3d at 828; Matter of Jalil U. [Rachel L.-U.], 103 AD3d 658, 660). "Mere attempts are not sufficient" (Matter of Jalil U. [Rachel L.-U.], 103 AD3d at 660; see Matter of Kaiden L. [Kdaya R.], 168 AD3d 846, 847; Matter of Chanel C. [Vanessa N.], 118 AD3d at 828).
Here, the evidence adduced at the dispositional hearing established that termination of the mother's parental rights was in the children's best interests (see Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 731; Matter of Jonathan B. [Linda S.], 84 AD3d 1078, 1080). Contrary to the mother's contention, a suspended judgment would not be in the best interests of the children, as such a disposition would "only prolong the delay of stability and permanenc[y]" in the children's lives (Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d at 732; see Matter of Anthony R. [Juliann A.], 90 AD3d 1055, 1056-1057). Further, the court properly determined that the best interests of the children would be served by freeing them for adoption by their foster parents, with whom they have bonded (see Matter of William S.L. [Julio A.L.], 195 AD3d 839; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d at 732).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court