Matter of Fatoumata A. C. (Amadou C.) (2022 NY Slip Op 04164)

Matter of Fatoumata A. C. (Amadou C.)

2022 NY Slip Op 04164

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
ROBERT J. MILLER, JJ.

2021-07185
 (Docket No. B-6263-15)

[*1]In the Matter of Fatoumata A. C. (Anonymous). New Alternatives for Children, Inc., respondent;
and
Amadou C. (Anonymous), appellant.

David Laniado, Cedarhurst, NY, for appellant.
Law Office of James M. Abramson, PLLC, New York, NY, for respondent.
Warren S. Hecht, Forest Hills, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), dated September 8, 2021. The order, after a hearing, found that the father failed to comply with the terms and conditions of a suspended judgment dated November 13, 2017, revoked the suspended judgment, terminated the father's parental rights, and transferred custody and guardianship of the child jointly to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the father's parental rights with respect to the subject child on the ground of permanent neglect. In a suspended judgment dated November 13, 2017, upon the father's admission, the Family Court found that the father had permanently neglected the child, and issued a suspended judgment for a period of one year, subject to certain terms and conditions. The petitioner subsequently alleged that the father had failed to comply with certain terms and conditions of the suspended judgment. After a hearing, the court found that the father failed to comply with the terms and conditions of the suspended judgment, revoked the suspended judgment, terminated the father's parental rights, and transferred custody and guardianship of the child jointly to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The father appeals.
Contrary to the father's contention, he was not deprived of the effective assistance of counsel. "'A respondent in a proceeding pursuant to Social Services Law § 384-b has the right to the assistance of counsel (see Family Ct Act § 262[a][iv]), which encompasses the right to the effective assistance of counsel'" (Matter of Adam M.M. [Sophia M.], 179 AD3d 801, 802, quoting Matter of Deanna E.R. [Latisha M.], 169 AD3d 691, 692). "'[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings'" (Matter of Adam M.M. [*2][Sophia M.], 179 AD3d at 802, quoting Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 943). "An attorney representing a client is entitled to make 'strategic and tactical decisions concerning the conduct of trials'" (Matter of Deanna E.R. [Latisha M.], 169 AD3d at 692, quoting People v Colon, 90 NY2d 824, 826; see Matter of Grace G. [Gloria G.], 194 AD3d 712, 714).
Here, the record does not show that counsel lacked a legitimate, strategic reason for the decisions made as to the conduct of the hearing (see Matter of Grace G. [Gloria G.], 194 AD3d at 714; Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856; Matter of Deanna E.R. [Latisha M.], 169 AD3d at 692). Viewed in totality, the record reveals that the father received meaningful representation (see Matter of Grace G. [Gloria G.], 194 AD3d at 715).
DUFFY, J.P., BARROS, RIVERA and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court