Matter of Neferteir A. R. (Jesse R. R.) (2023 NY Slip Op 05505)

Matter of Neferteir A. R. (Jesse R. R.)

2023 NY Slip Op 05505

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2022-01900
 (Docket No. B-17644-19)

[*1]In the Matter of Neferteir A. R. (Anonymous). Abbott House, respondent; Jesse R. R. (Anonymous), et al., appellants.

Linda C. Braunsberg, Staten Island, NY, for appellant Jesse R. R.
Catherine S. Bridge, Staten Island, NY, for appellant Deyonna K. S.
John R. Eyerman, New York, NY, for respondent.
Helene Chowes, New York, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father and the mother separately appeal from an order of fact-finding and disposition of the Family Court, Queens County (Monica D. Shulman, J.), dated March 7, 2022. The order of fact-finding and disposition, after fact-finding and dispositional hearings, and upon the mother's and the father's failure to appear at the hearings, found that they each permanently neglected the subject child, terminated their parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the appeals are dismissed, without costs or disbursements, except insofar as they bring up for review the denial of the mother's attorney's application for an adjournment of the fact-finding hearing, and the father's attorney's applications for adjournments of the fact-finding and dispositional hearings, and the father's and the mother's claims of ineffective assistance of counsel (see CPLR 5511); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
Although the order of fact-finding and disposition was entered upon the appellants' default, the appellants may challenge the denial of their attorney's applications for adjournments since they were the subject of contest below (see Matter of Daija K.P. [Danielle P.], 129 AD3d 1087; Matter of Xiao-Lan Ma v Washington, 127 AD3d 982; Matter of Ca'leb R.D. [Mary D.S.], 121 AD3d 890).
Contrary to the appellants' contentions, the Family Court providently exercised its discretion in denying their attorneys' applications for adjournments. "The granting of an adjournment rests in the sound discretion of the hearing court upon a balanced consideration of all relevant factors" (Matter of Sacks v Abraham, 114 AD3d 799, 800; see Matter of Angie N.W. [*2][Melvin A.W.], 107 AD3d 907, 908). Here, in light of, inter alia, the failure of the appellants' attorneys to offer any explanation for the appellants' respective absences, the court providently exercised its discretion in denying the applications for adjournments (see Matter of Daniel K.L. [Shaquanna L.], 138 AD3d 743, 745; Matter of Angie N.W. [Melvin A.W.], 107 AD3d at 908).
Contrary to the appellants' contentions, the record does not reflect that they were deprived of the effective assistance of counsel. "A respondent in a proceeding pursuant to Social Services Law § 384-b has the right to the assistance of counsel (see Family Ct Act § 262[a][iv]), which encompasses the right to the effective assistance of counsel" (Matter of Deanna E.R. [Latisha M.], 169 AD3d 691, 692; see Matter of Grace G. [Gloria G.], 194 AD3d 712, 714). "[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings" (Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 943). Here, the appellants failed to show that their respective attorneys lacked legitimate, strategic reasons for making certain decisions (see Matter of Grace G. [Gloria G.], 194 AD3d 712, 714-715). In addition, their counsels' "fail[ure] to make a motion or argument that ha[d] little or no chance of success" did not deprive either of the appellants of the effective assistance of counsel (Matter of Assatta N.P. [Nelson L.], 92 AD3d 945, 945 [internal quotation marks omitted]).
The mother's remaining contention is not properly before this Court.
Accordingly, we affirm the order of fact-finding and disposition insofar as reviewed.
DUFFY, J.P., MALTESE, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court