Matter of Rodcliffe M., Jr. (Rodcliffe M., Sr.) (2024 NY Slip Op 03267)

Matter of Rodcliffe M., Jr. (Rodcliffe M., Sr.)

2024 NY Slip Op 03267

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

280 CAF 22-01293

[*1]IN THE MATTER OF RODCLIFFE M., JR., AND LEVON E.M. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; RODCLIFFE M., SR., RESPONDENT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR RESPONDENT-APPELLANT. 
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (MARY M. WHITESIDE OF COUNSEL), FOR PETITIONER-RESPONDENT.
KELLY M. FORST, ROCHESTER, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Monroe County (Alecia J. Mazzo, J.), entered July 15, 2022, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated respondent's parental rights with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously modified in the exercise of discretion by vacating the first and second ordering paragraphs and as modified the order is affirmed without costs and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from an order terminating his parental rights with respect to the two subject children on the ground of permanent neglect. The father contends that petitioner failed to establish that it exercised diligent efforts to encourage and strengthen the parental relationship during the period of his incarceration as required by Social Services Law § 384-b (7) (a). We reject that contention.
The father was incarcerated during the relevant time period, and petitioner demonstrated that its caseworker sent the father a series of letters that informed him of the status of the children and invited him to participate in service plan reviews. The father repeatedly failed to respond, but did ultimately communicate with the caseworker by telephone, identifying his sister, a resident of the State of Florida, as a potential placement resource. The caseworker informed the father that his sister was not responding to contact attempts, but the father did not provide any alternative resources. Where, as here, "[a]n incarcerated parent has failed on more than one occasion while incarcerated to cooperate with an authorized agency in its efforts to assist such parent to plan for the future of the child" (Social Services Law § 384-b [7] [e] [ii]; see Matter of Eric L., 51 AD3d 1400, 1403 [4th Dept 2008], lv denied 10 NY3d 716 [2008]), diligent efforts to encourage and strengthen the parental relationship are not required.
The father additionally contends that the record lacks a sound and substantial basis to support Family Court's determination of permanent neglect based on the father's failure to maintain contact with or plan for the future of the children during his incarceration. We reject that contention inasmuch as the resources proposed by the father "were not realistic alternatives to foster care" (Matter of Jaylysia S.-W., 28 AD3d 1228, 1229 [4th Dept 2006] [internal quotation marks omitted]; see also Matter of Gena S. [Karen M.], 101 AD3d 1593, 1594 [4th Dept 2012], lv dismissed 21 NY3d 975 [2013]).
The father further contends that the court abused its discretion in refusing to issue a suspended judgment. A suspended judgment "provides a brief grace period to give a parent found to have permanently neglected a child a second chance to prepare for reunification with the [*2]child" (Matter of Grace G. [Gloria G.], 194 AD3d 712, 713 [2d Dept 2021]). Notably, we may substitute our discretion for that of the trial court even in the absence of an abuse of discretion (see Matter of Montgomery v List, 173 AD3d 1657, 1658 [4th Dept 2019]), and here we conclude that a suspended judgment, rather than termination of parental rights, was in the children's best interests (see generally Grace G., 194 AD3d at 713-714; Matter of Trinity J. [Lisa F.], 100 AD3d 504, 504-505 [1st Dept 2012]). At the time of the dispositional hearing—just two months after his release from prison—the father had found full-time employment, participated in weekly visitation with the children, had started communicating regularly with the children's foster family regarding the children, and was in the process of finding housing and completing a mental health evaluation and parenting classes, while the children were reportedly happy to be visiting with the father regularly. "Given the child[ren]'s . . . young age, [the father's] recommencement of regular visitation, . . . the sustained efforts on the part of [the father following his release from prison], and the Legislature's express desire to return children to their natural parents whenever possible" (Trinity J., 100 AD3d at 505, citing Social Services Law § 384-b [1] [a] [ii]), we conclude that the father "should have been granted a 'second chance' in the form of a suspended judgment" (id.), and we therefore modify the order by vacating the first and second ordering paragraphs and remit the matter to Family Court for the entry of a suspended judgment, the duration and conditions of which are to be determined by Family Court.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court