Matter of Briyiht A. P.-R. (Lorma Jessenni R.-G.) (2026 NY Slip Op 01790)

Matter of Briyiht A. P.-R. (Lorma Jessenni R.-G.)

2026 NY Slip Op 01790

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2025-01486
2025-01492
2025-01493
 (Docket Nos. B-1043-23, B-1044-23, B-1045-23)

[*1]In the Matter of Briyiht A. P.-R. (Anonymous). Children's Aid, petitioner-respondent; Lorma Jessenni R.-G. (Anonymous), etc., appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Jairon R. (Anonymous). Children's Aid, petitioner-respondent; Lorma Jessenni R.-G. (Anonymous), etc., appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Yeider R. (Anonymous). Children's Aid, petitioner-respondent; Lorma Jessenni R.-G. (Anonymous), etc., appellant, et al., respondent. (Proceeding No. 3.)

David Laniado, Cedarhurst, NY, for appellant.
Rosin Steinhagen Mendel, PLLC, New York, NY (John Cappiello of counsel), for petitioner-respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child Briyiht A. P.-R.
Twyla Carter, New York, NY (Dawn A. Mitchell and John A. Newbery of counsel), attorney for the children Jairon R. and Yeider R.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from three orders of the Family Court, Richmond County (Peter DeLizzo, J.) (one as to each child), all dated December 16, 2024. The orders, after a hearing, found that the mother violated the terms and conditions of suspended judgments contained in three orders of the same court (one as to each child), all dated October 20, 2023, in effect, revoked the suspended judgments, terminated the mother's parental rights, and transferred custody and guardianship of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders dated December 16, 2024, are affirmed, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to her three children (hereinafter collectively the children). Thereafter, the mother made an admission to permanently neglecting the children. In three orders (one as to each child), all dated October 20, 2023, the Family Court suspended judgment for a period of one year under certain terms and conditions.
In August 2024, the petitioner moved, in effect, to revoke the suspended judgments and to terminate the mother's parental rights based on her noncompliance with certain terms and conditions of the suspended judgments. In three orders (one as to each child), all dated December 16, 2024, made after a hearing, the Family Court found that the mother violated the terms and conditions of the suspended judgments, in effect, revoked the suspended judgments, terminated the mother's parental rights, and transferred custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
Contrary to the mother's contention, the Family Court providently exercised its discretion in denying the application of her attorney for an adjournment of the hearing after the mother left the courthouse during a brief recess. "The granting of an adjournment rests in the sound discretion of the hearing court upon a balanced consideration of all relevant factors" (Matter of Neferteir A.R. [Jesse R.R.], 221 AD3d 605, 606 [internal quotation marks omitted]; see Matter of Steven B., 6 NY3d 888, 889). "The determination to grant or deny an adjournment will not be overturned absent an improvident exercise of discretion" (Matter of Katie M.T.-J. v Jemel D.T., 206 AD3d 651, 652; see Matter of Logan R. [Manuel R.], 168 AD3d 946, 947). Here, the mother's attorney failed to offer any explanation for the mother's departure from the courthouse (see Matter of Neferteir A.R. [Jesse R.R.], 221 AD3d at 606; Matter of Lorys v Powell, 116 AD3d 1047, 1048). Moreover, contrary to the mother's contention, she was not deprived of a full and fair evidentiary hearing, as her attorney's application for an adjournment was made after the mother's direct testimony had concluded, her attorney continued to participate in the hearing during her absence, and there is no indication in the record that the mother's absence deprived her attorney of the ability to present additional evidence or to call additional witnesses (cf. Matter of Panizo v Douglas, 235 AD3d 876, 878).
The mother's contention that the Family Court was biased against her is unpreserved for appellate review. "A party claiming court bias must preserve an objection and move for the court to recuse itself" (Matter of Pontillo v Pearce, 243 AD3d 797, 798-799 [internal quotation marks omitted]; see Matter of George A.C. [Anthony C.], 223 AD3d 798, 800). "In any event, when a claim of bias is raised, the inquiry on appeal is limited to whether the court's bias, if any, unjustly affected the result to the detriment of the complaining party" (Matter of George A.C. [Anthony C.], 223 AD3d at 800 [internal quotation marks omitted]; see Matter of Hossain v Chowdhury, 238 AD3d 751, 753). Here, a review of the record shows that the court treated the parties fairly and did not have a predetermined outcome of the case in mind during the hearing (see Matter of Pontillo v Pearce, 243 AD3d at 799; Matter of George A.C. [Anthony C.], 223 AD3d at 800).
The mother's contention that the Family Court erred in relying on hearsay evidence at the hearing is unpreserved for appellate review (see Matter of Kevon G. [Keith G.], 196 AD3d 572, 574). In any event, that contention is without merit. "[H]earsay evidence which is material and relevant may be admitted at a hearing on an alleged violation of a suspended judgment because it is part of the dispositional phase of a permanent neglect proceeding" (Matter of Blake T.L. [Robert L.], 141 AD3d 525, 526; see Family Ct Act § 624). Here, the hearsay evidence presented at the hearing was material and relevant to the issue of whether the mother violated the terms and conditions of the suspended judgments (see Matter of Blake T.L. [Robert L.], 141 AD3d at 526).
"A respondent in a proceeding pursuant to Social Services Law § 384-b has the right to the assistance of counsel (see Family Ct Act § 262[a][iv]), which encompasses the right to the [*2]effective assistance of counsel" (Matter of Skylar P.J. [Kerry M.T.], 204 AD3d 1001, 1002 [internal quotation marks omitted]; see Matter of Adam M.M. [Sophia M.], 179 AD3d 801, 802). "'[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings'" (Matter of Skylar P.J. [Kerry M.T.], 204 AD3d at 1003, quoting Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 943). "Effective assistance is predicated on the standard of 'meaningful representation'" (id., quoting Matter of Grace G. [Gloria G.], 194 AD3d 712, 715). "'[W]hat constitutes effective assistance is not and cannot be fixed with precision, but varies according to the particular circumstances of each case'" (Matter of Adam M.M. [Sophia M.], 179 AD3d at 802, quoting People v Rivera, 71 NY2d 705, 708). "To prevail on a claim of ineffective assistance of counsel, it is incumbent on the respondent to 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (see id., quoting People v Rivera, 71 NY2d at 709; see People v Mendoza, 33 NY3d 414, 418). Here, contrary to the mother's contention, she failed to establish the absence of strategic or other legitimate explanations for her attorney's alleged shortcomings (see Matter of Adam M.M. [Sophia M.], 179 AD3d at 802).
The petitioner's remaining contention is without merit.
DUFFY, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court