Matter of Robert UU. v Phoebe VV.

2026 NY Slip Op 02022

April 2, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Robert UU., Respondent,

v

Phoebe VV., Appellant.

Decided and Entered:April 2, 2026

CV-25-0852

Calendar Date: February 17, 2026

Before: Aarons, J.P., Reynolds Fitzgerald, Fisher And Mackey, JJ.

Lisa A. Burgess, Indian Lake, for appellant.

Donnellan Law, PLLC, Ballston Spa (Katherine L. Mastaitis of counsel), for respondent.

Andrew C. Kelly, Greenwich, attorney for the child.

[*1]

Aarons, J.P.

Appeal from an order of the Family Court of Washington County (Adam Michelini, J.), entered March 21, 2025, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2023). After the mother ended her relationship with the father, the mother discovered that she was pregnant with the child, but she did not inform the father of her pregnancy or the subsequent birth of the child. The father learned of the child's existence months later through a third party, and thereafter commenced the first of these proceedings for custody of the child. Law enforcement then conducted a welfare check on the child at the father's request, and the father later went to the mother's residence, but the mother refused to allow the father to see the child. The next day, the mother relocated out of state to Montana with the child and the child's half sibling. The mother, represented by the Washington County Public Defender's office, thereafter cross-petitioned for joint legal and primary physical custody of the child. Following a fact-finding hearing, Family Court issued an order granting joint legal custody to the parties, primary physical custody to the father and five consecutive weeks of parenting time to the mother. The mother appeals.

The father initially contends that this appeal must be dismissed because the mother's notice of appeal was not timely filed.FN1 "An appeal is taken from a Family Court order by filing an original notice of appeal with the clerk of the family court in which the order was made and from which the appeal is taken, then serving that notice upon any adverse party as provided for in CPLR 5515 (1) and upon the child's attorney, if any, within the time allowed by Family Ct Act § 1113" (Matter of Robert M. v Barbara L., 227 AD3d 141, 143-144 [3d Dept 2024] [internal quotation marks, brackets, ellipsis and citations omitted]). Family Ct Act former § 1113 provides that an appeal "must be taken no later than [30] days after the service by a party or the child's attorney upon the appellant of any order from which the appeal is taken, [30] days from receipt of the order by the appellant in court or [35] days from the mailing of the order to the appellant by the clerk of the court, whichever is earliest" (see Matter of Miller v Mace, 74 AD3d 1442, 1443 [3d Dept 2010], lv denied 15 NY3d 705 [2010]). "The filing of a notice of appeal is nonwaivable and jurisdictional" (Matter of Liam DD. [Jamie CC.], 244 AD3d 1625, 1626 [3d Dept 2025] [citations omitted]).

The family court clerk mailed the appealed-from order to the parties, including the mother, on March 21, 2025, and thus the time to take an appeal expired 35 days later on April 25, 2025. The mother's notice of appeal was not filed until May 7, 2025, after the statutory deadline had passed. [*2]According to the Public Defender, the assistant public defender assigned to the mother's case resigned from the office effective March 31, 2025. A shortage of attorneys and staff in the Public Defender's office meant that the mother's case was unassigned for a short period, and there was a breakdown in communication between the Public Defender's office and the mother. Once communication was reestablished, the mother expressed her wish to file an appeal to the Public Defender, who did so and thereafter moved to file a late notice of appeal. Extensions of time, however, are permitted only if, before the time to take an appeal has elapsed, the appellant's attorney is "removed or suspended, or becomes physically or mentally incapacitated or otherwise disabled," conditions that are not applicable here (CPLR 5514 [b]; see Family Ct Act § 1118; cf. Pallone v New York Tel. Co., 34 AD2d 1091, 1091 [4th Dept 1970]).

The mother further contends that we should deem her appeal timely because she was deprived of the effective assistance of counsel when the assistant public defender failed to follow her instructions to file a notice of appeal if Family Court did not grant her legal and primary physical custody of the child (see generally Family Ct Act §§ 261, 262; Matter of De Vivo v Burrell, 101 AD2d 607, 607 [3d Dept 1984]). This argument relies on facts not appearing on the face of the appellate record and, as such, must be raised in a motion "for post-judgment relief under CPLR 5015" (Matter of Skylar P.J. [Kerry M.T.], 204 AD3d 1001, 1002 [2d Dept 2022]; see Matter of Liam DD. [Jamie CC.], 244 AD3d at 1626; Matter of Ricardo T., Jr. [Ricardo T., Sr.], 172 AD3d 732, 733 [2d Dept 2019]).FN2 "Accordingly, the mother's appeal is untimely and, as the applicable statutory time bar is absolute and not subject to extension, this Court lacks jurisdiction to entertain it" (Matter of Carrie X. [Amber Y.], 230 AD3d 1397, 1398 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 42 NY3d 910 [2025]). The mother's remaining contentions are academic.

Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.

ORDERED that the appeal is dismissed, without costs.

Footnotes

Footnote 1: During the pendency of this appeal, the father moved to dismiss the appeal as untimely, and the mother cross-moved to deem the notice of appeal timely. Both motions were denied without prejudice to the issues involved being raised upon argument of the appeal.

Footnote 2: Vacatur could permit Family Court to "issue a replacement order . . . so that the [mother's] time to appeal will run anew" (Matter of Ricardo T., Jr. [Ricardo T., Sr.], 172 AD3d at 733).